A & A CONSTRUCTION COMPANY, INCORPORATED, Appellant,

v.

The CITY OF CORPUS CHRISTI, Texas, et al., Appellees.

No. 993.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 18, 1975.

Jack K. Dahlberg, Jr., Bonilla, Read, Nutto, Beckman & Bonilla, Inc., Corpus Christi, for appellant.

James F. McKibben, Jr., Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

Because the trial court refused to temporarily enjoin the City of Corpus Christi, and certain of its officials, from awarding a contract for the construction of the Corpus Christi Health Center to any bidder other than the plaintiff, who was the low bidder, the plaintiff appeals.

On March 26, 1975, the City of Corpus Christi accepted and read bids on the proposed Corpus Christi Health Center. Appellant, A & A Construction Company, Incorporated, was one of the seven companies submitting bids for that project. Bids were to be submitted by 4:00 p. m. on March 26, 1975, in the office of the City Secretary.

Appellant's representative, an employee of approximately two months, had arrived at the city hall a few minutes before the designated time and had gone to the City Secretary's office, but he did not submit his bid there. He then went down to the first floor near the council chamber and began listening over a public address speaker in the hall to proceedings of a zoning case then being conducted by the council. He stated that the first he heard about bidding was, "I heard that the fellow that was reading the bids over the microphone said that we had received a bid from, I believe it was Bobby Braselton Construction Company." He then rushed inside the council chamber and submitted appellant's bid. By this time it was, according to appellant's employee, " . . . I would say five after 4:00 would be the best of my knowledge. Possibly ten after, . . ."

At that time there was some discussion by city officials, but no formal protest, about the propriety of appellant's filing. Nevertheless, the bid was given to the city engineer who was reading the bids aloud. After completion of the reading of the first bid, the engineer then opened and read aloud the appellant's bid and thereafter opened and read all the other bids. After all the bids were opened and read, it was apparent that appellant's bid was the lowest.

Whereupon a representative of the second lowest bidder protested the late tender of appellant's bid. The city council then rejected appellant's bid and accepted the engineer's recommendation to take the next lowest bid.

On April 1, 1975, the appellant sought and was granted a temporary restraining order, ex parte, restraining the city from letting the contract to any other bidder. The next day the city sought by motion the dissolution of the temporary restraining order. After an evidentiary hearing on that day, April 2, 1975, the trial court ordered the restraining order dissolved. Later that same evening the city let the contract to Lambert & Fondren, Inc., who was the next lowest bidder on the health center project.

On April 4, 1975, the trial court then conducted a hearing on the temporary injunction. The parties agreed that the evidence to be considered was that which was heard on April 2, 1975, together with additional stipulations of counsel. On that

same date, April 4, 1975, the trial court entered its order denying the temporary injunction. The appellant appeals from that order.

The appellant brings forward one point of error. There he contends that the trial court erred by abusing its discretion in denying the temporary injunction against the city for the letting of the contract on the Corpus Christi Health Center. Under that single point the appellant says that the issues are: (1) whether the city can be enjoined from the letting of the contract; if so, (2) whether appellant showed a probable right which is probably endangered; and, (3) whether this appeal has been made moot by the city's letting of the contract before the hearing on the temporary injunction.

The first rule governing our review of this case is set out in *Texas Foundries v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 462 (1952). There our Supreme Court said that a trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties preceding a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion.

First, we look at the issue of whether a trial court can enjoin the city's letting of the contract. In that regard, the appellant recognizes the general rule that the courts will not interfere by injunction with the legislative functions of a city. *City of Dallas v. Couchman*, 249 S.W. 234 (Tex.Civ. App.—Dallas 1923, writ ref'd). The appellant, however, urges that our case falls within the exception to the general rule noted in *Couchman*. That is, when a void ordinance is passed (or void decision is made) by the city, then if an "exigency" arises therefrom because city action is impending that will injure the petitioner, then the authority of the court can be invoked to restrain the injury. The "exigency" here,

appellant says, is the impending award of the contract to another bidder.

As we understand appellant's argument about the exception, it is that the city waived the rejection of appellant's late bid because the bid was opened and read along with the other bids; that the city thereby violated its regulation that a late bid should be returned sealed. We disagree that the city's action was void. The only difference we can see in rejecting a late bid sealed at the beginning of the council's bid opening procedure and rejecting it opened at the end is the number of people who know about the relative dollar standing of the appellant's bid compared with those of the others. In the first instance, only the appellant knows. In the second instance, all present at the bid opening procedure know.

Next, we consider the issue of probable right of the appellant which is argued to be endangered. Appellant contends that he had a right to the health center contract because he was the lowest bidder. We again disagree. This contention might have merit but for a provision in Tex.Rev.Civ. Stat.Ann. art. 2368a, § 2 (1971). Under that statute the city ". . . shall have the right to reject any and all bids, . . ." So here the city by statute had the discretion to reject appellant's bid and it did so. Consequently, the appellant has no right, probable or vested, to the award of the contract.

There is another reason why appellant had no right to the contract. It is basic contract law that a bid by one is simply an offer and is not binding until accepted by another. See 13 Tex.Jur.2d *Contracts* § 16 (1960). Appellant's bid was just not accepted by the city and therefore the city was not required to award appellant the contract.

Finally, the appellant urges that this appeal is not moot even though the city has already let the contract on the health center to Lambert & Fondren, Inc. Because of the disposition we have made of appellant's foregoing contentions, we do not deem it

necessary to resolve appellant's "appeal is not moot" contention.

Because the appellant submitted a late bid which was rejected by the city, and because the city had the authority to so reject under statute, we hold that the trial court did not abuse its discretion when it denied appellant's requested temporary injunction against the city.

The judgment of the trial court is affirmed.