Honorable Randall L. Sherrod Criminal District Attorney Randall County Canyon, Texas 79015
Re: Whether a county can reject a low bid on the sole ground that the bidder is not a resident of the county.
Dear Mr. Sherrod:
You have requested our opinion concerning the following question:
 Whether a county may award a contract to one not a low bidder on the sole basis that the said bidder is a local merchant or businessman and the low bidder is not a local merchant or businessman.
Section 2 of article 2368a, V.T.C.S., provides in part:
 No county . . . shall hereafter make any contract calling for or requiring the expenditure of payment of Three Thousand Dollars ($3,000.00) or more . . . without first submitting such proposed contract to competitive bids . . . and said contract shall be let to the lowest responsible bidder. The Court and/or government body shall have the right to reject any and all bids . . . .
(Emphasis added). You have directed our attention to the court's opinion in A A Construction Co., Inc. v. City of Corpus Christi,527 S.W.2d 833 (Tex.Civ.App.-Corpus Christi 1975, no writ). The case involved the right of a low bidder to an injunction prohibiting the city from contracting with another bidder. The court noted the portion of article 2368a emphasized above and stated:
 [T]he city by statute had the discretion to reject appellant's bid and it did so. Consequently, the appellant has no right, probable or vested, to the award of the contract.
Id. at 835. Apparently the city had rejected the plaintiff's bid due to its late submission. The court did not address the question of sufficiency of the cause for rejection but disposed of the claim in the above unqualified language.
In Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc.,372 S.W.2d 525 (Tex. 1963), the court dealt with a Highway Department rule restricting bids to those with a provision that materials furnished would be manufactured in the United States, its territories and possessions. The court held that the rule was illegal as a violation of the competitive bidding statute, article 6674h, V.T.C.S., quoting with approval a statement regarding competitive bidding in Sterrett v. Bell,240 S.W.2d 516, 520 (Tex.Civ.App.-Dallas 1951, no writ):
 Its purpose is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefit of the taxpayers and the property owners. There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition, favor a contractor or material man, or increase the cost of the work or of the materials or other items going into the project.
372 S.W.2d at 527.
We believe it clear that since the Highway Department could not limit bids in such a manner, it likewise could not reject a bid solely upon the same grounds, notwithstanding the authority of the Department `to reject any and all . . . bids.' V.T.C.S. art. 6674i. Thus, this language which is also contained in article 2368a does not provide a contracting authority with unlimited discretion to reject bids.
The Texas Supreme Court has held that a limitation regarding the source of materials would be an illegal restriction upon competition; in our view the same would be true of a requirement that a bidder be located within the county. Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc., supra. See 10 McQuillin, The Law of Municipal Corporations § 29.49 (3d ed. 1949). Accordingly, in our opinion, a county may, as a general matter, not award a contract to one not a low bidder on the sole basis that the said bidder is a local merchant or businessman and the low bidder is not a local merchant or businessman. Of course there may exist circumstances in which the proximity of the bidders relates to the determination of the `lowest responsible bidder,' which determination is within the reasonable discretion of the contracting authority.
 SUMMARY
A county may not reject a low bid solely because the bidder is not a local merchant or businessman.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee