**Eugene CORBIN d/b/a Service Master of Collin-Grayson Counties and Robert Anderson d/b/a Anderson Enterprises, Appellants,**

v.

**COLLIN COUNTY COMMISSIONERS' COURT and Poston & Associates, Appellee.**

**No. 05–82–00309–CV.**

Court of Appeals of Texas, Dallas.

May 3, 1983.

Art B. Clifton, Plano, for appellants.

William J. Roberts, McKinney, for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

VANCE, Justice.

This appeal arises from an order denying declaratory judgment and injunctive relief on a housekeeping contract awarded by the

Commissioners' Court of Collin County to the third lowest bidder. After plaintiffs had rested their presentation of evidence, the trial court granted defendant's motion for judgment. Appellants now contend that the trial court erred by: (1) granting the motion for judgment as there was no evidence to support the judgment; and in (2) denying injunctive relief because all statutory requisites were established. We disagree and affirm.

In accordance with Tex.Rev.Civ.Stat.Ann. art. 2368a, § 2 (Vernon Supp.1982–1983), the Commissioners' Court of Collin County advertised for competitive bids for housekeeping services for certain county buildings. Six bidders responded and of these the three lowest were considered for the contract. Anderson was the lowest, Corbin was the next lowest, and Poston was the third lowest. The specification letters distributed by the Commissioners' Court and used by the bidders to submit their bids noted:

> Rejection of Bids: It is understood that the Commissioners' Court of Collin County, Texas reserves the right to reject any and all bids.

Building Supervisor, Glen Renfro, in a letter to the Commissioners' Court, recommended Poston for the contract because of more experience and better equipment. He also noted as his reasons for not recommending Anderson or Corbin, that Anderson was not in the janitorial business and had no equipment or crew, and Corbin, who had been cleaning some county buildings, needed more manpower and supervision. Based on this letter and Renfro's oral recommendation to the court, the Commissioners' Court awarded the contract to Poston.

Anderson and Corbin joined forces and brought suit under Article 2368a, § 2(b) for a declaratory judgment that the Commissioners' Court's award of the contract to Poston was null and void and for injunctive relief under Article 2368a, § 2(d), as taxpaying citizens of Collin County, against the Commissioners' Court and Poston to prevent any performance under the contract.

The basis of Anderson's and Corbin's complaint was that the requirement of Article 2368a, § 2(b) that "the contract be let to the lowest responsible bidder" had not been complied with by the Commissioners' Court's award of the contract to Poston. The trial court determined that this contract was one for personal services, as argued by the Commissioners' Court, and therefore, fell under the exemption from competitive bidding of "contracts for personal or professional services" as noted in that section of the statute. The trial court then denied all relief sought by Anderson and Corbin.

Anderson and Corbin contend on appeal that there was no evidence introduced at the trial to support the finding that this was a contract for personal services. We do not reach this point as we hold that the Commissioners' Court did, in fact, comply with the competitive bidding requirements of Article 2368a, § 2 and under that section "The court and/or governing body shall have the right to reject any and all bids ..."

Anderson and Corbin do not claim that the Commissioners' Court did not follow the *advertising* requirements of Article 2368a, § 2(b). In regard to the statute, they claim that the Commissioners' Court violated the statute by not letting the contract to either of them as the lowest responsible bidders. We disagree. We agree with the holding of *A & A Construction Company, Incorporated v. City of Corpus Christi*, 527 S.W.2d 833, 835 (Tex.Civ.App.—Corpus Christi 1975, no writ), where the court, in discussing appellant's claim to a city contract because he was the lowest bidder, stated:

> This contention might have merit but for a provision in TEX.REV.CIV.STAT. ANN. art. 2368a, § 2 (1971). Under that statute the city "... shall have the right to reject any and all bids, ..." So here the city by statute had the discretion to reject appellant's bid and it did so. Consequently, the appellant had no right, probable or vested, to the award of the contract.

Here, the Commissioners' Court gave notice to all bidders that it would reserve its right to reject any and all bids by so stating in its specification letters. These specification letters were filled out and signed by both Anderson and Corbin.

Anderson and Corbin have failed to plead or prove any illegality, arbitrariness, or abuse of discretion by the Commissioners' Court in its award of the contract to Poston. In fact, the testimony of Anderson's and Corbin's own witnesses at trial indicated a total lack of anything other than the apparently honest evaluations made by the Building Supervisor, Glen Renfro, as the basis for the Commissioners' Court's decision. In *Holt & Co. v. Wheeler Company,* 235 S.W. 226, 229 (Tex.Civ.App.—Amarillo 1921, writ dism'd), the court stated;

> . . . [W]here the commissioners' court has exercised its judgment it becomes the judgment of a court of competent jurisdiction . . . It, therefore, becomes necessary on the part of appellants to allege that the discretion exercised by the commissioners' court was illegally done or fraudulently exercised.

We hold that the Commissioners' Court had a statutory right to reject any and all bids and that the trial court did not err in denying Anderson and Corbin a declaratory judgment to have the contract declared null and void.

Anderson and Corbin also claim that they are entitled to injunctive relief as taxpaying citizens of Collin County under § 2(d) as to contracts made without complying with the provisions of Article 2368a. As we have held that the Commissioners' Court did comply with the statute, Anderson's and Corbin's argument is without merit.

Affirmed.