Honorable G. Dwayne Pruitt Terry County Attorney Courthouse Brownfield, Texas 79316
Re: Whether a janitorial service contract is exempt from the competitive bidding requirements of article 2368a.5, V.T.C.S.
Dear Mr. Pruitt:
You ask whether a contract for janitorial services is a contract for personal services for purposes of article 2368a.5, V.T.C.S. Before a county may purchase items under a contract that will require an expenditure of more than $5,000, the commissioners court must comply with certain competitive bidding requirements. V.T.C.S. art. 3268a.5, § 3(a). A contract for "a personal service," however, is exempt from the competitive bidding requirements. Id. § 4(4).
In several instances this office has determined as a matter of law that a contract was or was not a contract for personal services for purposes of county purchasing. See Attorney General Opinions MW-344 (1981); MW-530 (1982). The question of whether a contract for janitorial services is a contract for personal services, however, is a fact question that depends on the nature of a particular contract. See Corbin v. Collin County Commissioners' Court, 651 S.W.2d 55, 56 (Tex.App.-Dallas 1983, no writ). We cannot answer fact questions in the opinion process, but we can set out guidelines for you to use in determining whether the contract in question is a contract for personal services.
In construing the phrase "personal services" for the purposes of another statute, the Texas Supreme Court concluded that "services" and "personal services" are not coextensive. Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex. 1962). Someone who claims to have rendered "personal services" must have performed the services himself. The claimant's employees, in contrast, may have rendered "services." If the contract you ask about requires a specific person to perform janitorial services, it is a contract for personal services. If the contract merely requires a person or a corporation to provide persons who will perform janitorial services, it is not a contract for personal services.
 SUMMARY
The question of whether a contract for janitorial services is a contract for personal services for purposes of article 2368a.5, V.T.C.S., is a fact question. If a specific person is required to perform the services, it is a contract for personal services. If the contract merely requires that someone perform janitorial services, it is not a contract for personal services.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General