

# The Attorney General of Texas

April 25, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable G. Dwayne Pruitt
Terry County Attorney
Courthouse
Brownfield, Texas    79316

Opinion No. JM-486

Re: Whether a janitorial service contract is exempt from the competitive bidding requirements of article 2368a.5, V.T.C.S.

Dear Mr. Pruitt:

You ask whether a contract for janitorial services is a contract for personal services for purposes of article 2368a.5, V.T.C.S. Before a county may purchase items under a contract that will require an expenditure of more than $5,000, the commissioners court must comply with certain competitive bidding requirements. V.T.C.S. art. 2368a.5, §3(a). A contract for "a personal service," however, is exempt from the competitive bidding requirements. Id. §4(4).

In several instances this office has determined as a matter of law that a contract was or was not a contract for personal services for purposes of county purchasing. See Attorney General Opinions MW-344 (1981); MW-530 (1982). The question of whether a contract for janitorial services is a contract for personal services, however, is a fact question that depends on the nature of a particular contract. See Corbin v. Collin County Commissioners' Court, 651 S.W.2d 55, 56 (Tex. App. - Dallas 1983, no writ). We cannot answer fact questions in the opinion process, but we can set out guidelines for you to use in determining whether the contract in question is a contract for personal services.

In construing the phrase "personal services" for the purposes of another statute, the Texas Supreme Court concluded that "services" and "personal services" are not coextensive. Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex. 1962). Someone who claims to have rendered "personal services" must have performed the services himself. The claimant's employees, in contrast, may have rendered "services." If the contract you ask about requires a specific person to perform janitorial services, it is a contract for personal services. If the contract merely requires a person or a corporation to provide persons who will perform janitorial services, it is not a contract for personal services.

## S U M M A R Y

The question of whether a contract for janitorial services is a contract for personal services for purposes of article 2368a.5, V.T.C.S., is a fact question. If a specific person is required to perform the services, it is a contract for personal services. If the contract merely requires that someone perform janitorial services, it is not a contract for personal services.

Very truly yours

**JIM MATTOX**
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General