

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 24, 1986

Mr. Mark G. Goode
Engineer-Director
State Department of Highways
  and Public Transportation
11th and Brazos Streets
Austin, Texas    78701

Opinion No. JM-484

Re: Whether House Bill No. 620, Acts 1985, 69th Leg., supersedes articles 6674h and 6674i, V.T.C.S., which requires competitive bidding

Dear Mr. Goode:

On behalf of the State Department of Highways and Public Transportation, you ask how House Bill No. 620, see Acts 1985, 69th Leg., ch. 83, at 330 (codified at V.T.C.S. art. 601g), affects competitive bidding for certain highway construction and improvement contracts. Article 601g provides, in pertinent part:

> The state or a governmental agency of the state may not award a contract for general construction, improvements, services, or public works projects or purchases of supplies, materials, or equipment to a nonresident bidder unless the nonresident's bid is lower than the lowest bid submitted by a responsible Texas resident bidder by the same amount that a Texas resident bidder would be required to underbid a nonresident bidder to obtain a comparable contract in the state in which the nonresident's principal place of business is located.

Sec. 1(b).

Section 1(c) of this act specifies that this provision "does not apply to a contract involving federal funds." Accordingly, we address your questions only in the context of state and locally funded projects. See generally 23 U.S.C. §101 et seq.; 23 C.F.R. §§635.107, 635.108 (may not restrict competition on federally aided projects on the basis of state residency). Moreover, you do not ask nor do we address the constitutionality of the statute. See generally White v. Massachusetts Council of Construction Employers, Inc., 460 U.S. 204 (1983) (upheld a city's requirement that 50% of the workforce on public works projects be city residents).

Your specific questions are as follows:

> 1. Does House Bill No. 620 override and thus take precedence over the department's specific competitive bidding statutes, namely articles 6674h, 6674i, and related statutes?
>
> 2. We have long conformed with the legal principle that parties submitting bids in connection with public contracts generally do so upon the same or equal basis. We could hardly have done otherwise in view of the holding in Texas Highway Commission v. Texas Association of Steel Importers, 372 S.W.2d 525 (Tex. 1963). We, nevertheless, tender the following scenario in order to pose our second question in the event that you should answer our first question in the affirmative. [Scenario involving negotiations to allow nonresidents to lower bids by the appropriate differential.]

You suggest that article 601g is in conflict with articles 6674h and 6674i, V.T.C.S. Article 6674h deals primarily with advertising the opening of competitive bidding -- not with the awarding of contracts. Consequently, you focus primarily on article 6674i. Article 6674i authorizes the rejection of any and all bids but requires that the contract be awarded to the "lowest bidder." Article 601g includes the word "responsible" in describing low bidders. Since there is no qualification in article 6674i other than "lowest bidder," you submit that the two statutes cannot both be applied. Further, you contend that, because article 6674i applies specifically to highway contracts whereas article 601g is "general," article 6674i should control. We disagree.

Article 6674i and article 601g are not in conflict. In the first place, you suggest that the unqualified term "lowest bidder" in article 6674i allows the department no discretion in awarding contracts. This is not necessarily the case. The statutory grant of discretion in article 6674i to reject any and all bids must be read together with the requirement that the contract be awarded to the lowest bidder. See Corbin v. Collin County Commissioners' Court, 651 S.W.2d 55, 56, 57 (Tex. Civ. App. - Dallas 1983, no writ); A & A Construction Co., Inc. v. City of Corpus Christi, 527 S.W.2d 833, 835 (Tex. Civ. App. - Corpus Christi 1975, no writ); see also Owen of Georgia, Inc. v. Shelby County, 648 F.2d 1084, 1094 n. 11 (6th Cir. 1981) (and cases cited therein); cf. Attorney General Opinion H-1086 (1977).

Moreover, two statutes on the same subject should both be given effect if possible. Gordon v. Lake, 356 S.W.2d 138, 139 (Tex. 1962). Although article 6674i applies specifically to highway contracts, it

refers in general to competitive bidding on all such contracts. In contrast, although article 601g applies to a broader range of public works contracts, it refers only to one specific aspect of awarding such contracts. Consequently, we believe that article 601g could be considered more specific than article 6674i and should therefore be construed as an exception to article 6674i. See Flowers v. Pecos River Railroad Company, 156 S.W.2d 260, 263-64 (Tex. 1941); Attorney General Opinion JM-356 (1985). In any event, it is a later enactment and will prevail to the extent of conflict.

Your second question relates to the holding in Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W.2d 525 (Tex. 1963). In this case, the Texas Supreme Court determined that the Highway Commission lacked authority to require that its construction contracts specify that materials used or furnished under the contracts be manufactured in the United States. The court reasoned that the commission lacked the implied authority to include this provision because its inclusion would defeat the primary purpose of the competitive bidding statutes. 372 S.W.2d at 529-30 see also Attorney General Opinions H-1086 (1977); O-1831 (1940). As stated in Attorney General Opinion O-1831:

> [t]he State Highway Department is a creature of the Legislature, and therefore has no more power than that granted by its creator.

Attorney General Opinion O-1831 followed reasoning similar to that in Texas Highway to conclude that the highway department lacked authority to include a provision in its construction contracts for a price differential in favor of domestic cement.

The decisions in Texas Highway and Attorney General Opinion O-1831 were founded on statutory construction. In Texas Highway, the Supreme Court emphasized that it was not dealing with legislative restrictions but with an administrative order. 372 S.W.2d at 527. The court stated that "[h]ad the Legislature proscribed foreign materials, we would have an entirely different question." Id. In the instant case a statute rather than a highway department policy or rule is at issue. Consequently, the allusion in your second question that House Bill No. 620 is in conflict with Texas Highway is inapposite.

As part of your second question, you present a scenario in which nonresident bidders who submit the actual lowest bid, i.e. prior to consideration of the differential, would be allowed to adjust their bids. We do not believe that article 6674i or article 601g authorizes this type of "negotiation." House Bill No. 620 creates a limited exception to the "lowest bidder" requirement in article 6674i by providing for a differential against nonresident bidders that is equivalent to the differential against Texas bidders in that nonresident bidder's state. It is based on the concept of reciprocity. It does not impliedly repeal article 6674i. It does not waive the

requirement that bidding be competitive. We believe that entering into negotiations to allow nonresident bidders to "adjust" their bids would defeat the purpose of both article 66741 and article 601g. See Attorney General Opinion MW-296 (1981). As indicated, the highway department holds only the powers granted expressly or by necessary implication by the Texas Legislature. Neither article 66741 or article 601g authorizes the department to enter into the negotiations in question. Of course, the department may, if it chooses to do so, reject all the bids and re-advertise.

## S U M M A R Y

Article 66741, V.T.C.S., and House Bill No. 620, Acts 1985, 69th Leg., ch. 83, at 330 (codified at V.T.C.S. art. 601g) are not in conflict. Article 601g creates a limited exception to the "lowest bidder" requirement in article 66741 by providing for a differential against nonresident bidders that is equivalent to the differential against Texas bidders in that nonresident bidder's state. The State Department of Highways and Public Transportation may not enter into negotiations to allow nonresident bidders to "adjust" their bids after the bids have been opened. The department may, of course, reject all bids and re-advertise.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General