

# THE ATTORNEY GENERAL
## OF TEXAS

April 1, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77702

Opinion No. JM-881

Re: Whether Harris County may require in its bid specifications for construction contracts that a minimum of 25 percent of the work be performed by the contractor's employees (RQ-1230)

Dear Mr. Driscoll:

Your ask our opinion about the following question:

> May Harris County include a provision in its bid specifications for county construction contracts which requires that a minimum of twenty-five percent of the work be performed by the contractor's employees?

We conclude that the county is not permitted to include such a provision in bid specifications for construction contracts.

Construction contracts entered into by the county requiring an expenditure exceeding $5,000 must comply with the County Building Authority Act, the County Certificate of Obligations Act, and the County Purchasing Act, chapters 293, 271, and 262 of the Local Government Code, see also Acts 1987, 70th Leg., ch. 722, §5; Acts 1987, 70th Leg., ch. 785, §1; and Acts 1987, 70th Leg., ch. 802, §1 (amending article 2368a.5, V.T.C.S., the County Purchasing Act, subsequent to the repeal and codification of the article in the Local Government Code).

Section 262.025 of the Local Government Code provides that a "competitive bidding notice" must be published in the public press prior to the deadline for the acceptance of bids. The notice must contain:

> (1) the _specifications_ describing the item to be purchased or a statement of where the specifications may be obtained;
>
> (2) the time and place for receiving and opening bids and the name and position of the county official or employee to whom the bids are to be sent;
>
> (3) whether the bidder should use lump-sum or unit pricing;
>
> (4) the method of payment by the county; and
>
> (5) the type of bond required by the bidder.   (Emphasis added.)

Local Gov't Code §262.025.  Nothing in this section authorizes the inclusion of a provision in specifications limiting the amount of work which may be performed by a subcontractor of a successful bidder.

The Local Government Code requires a county to either award a contract "to the _responsible_ bidder who submits the lowest and _best_ bid" or to "reject all bids" and solicit for new ones.   Local Gov't Code §262.027. However,

> [a] contract may not be awarded to a bidder who is not the lowest dollar bidder meeting specifications unless, before the award, each lower bidder is given notice of the proposed award and is given an opportunity to appear before the commissioners court and present evidence concerning the lower bidder's responsibility.

Local Gov't Code §262.027.  As one appeals court has noted, the statute has one paramount objective:

> [T]o stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefit of the taxpayers

> and property owners. There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition, favor a contractor or material man, or increase the cost of the work or of the materials or other items going into the project.

Sterrett v. Bell, 240 S.W.2d 516, 520 (Tex. Civ. App. - Dallas 1951, no writ). The Supreme Court quoted this language with approval in Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W.2d 525 (Tex. 1963). In this case, the court considered a highway department rule that restricted bids to those bids from contractors furnishing construction materials manufactured only in the United States. The court rejected that rule as a violation of a competitive bidding statute (V.T.C.S. art. 6674h), similar to the statute under consideration here. The court stated that an administrative body subject to a competitive bidding statute must act only to promote the unmistakable legislative policy favoring unrestricted competition for public contracts. 372 S.W.2d at 529. See Attorney General Opinions MW-439 (1982); MW-344, MW-296 (1981), MW-139 (1980); H-1219 (1978); H-1086, H-972 (1977). Cf. Attorney General Opinion JM-712 (1987) (legislature may vary policy of strict competition by providing exceptions to key principle of competitive bidding statute.)

The county thus has no power to limit the competition generated by bidding. Nor may it reject a bid by imposing a condition for the selection of the lowest responsible bidder when the condition could not be used to limit the solicitation of the bid. Attorney General Opinions H-1219; H-1086.

Of course, the county is not required to accept a bid merely because it is the lowest. The statute only requires that the county accept the lowest and best bid proffered. The county may make an informed, non-arbitrary decision based on the facts that a particular bid is not a responsible one. Corbin v. Collin County Commissioner's Court, 651 S.W.2d 55 (Tex. App. - Dallas 1983, no writ). This does not mean that the county may determine that contractors who intend to subcontract some of the work due under a contract cannot submit responsible bids. Such a determination would be flatly illegal, either as an advance disqualification for bids or as a rationale for rejecting a lower bid in favor of a higher one. But if

the commissioners have an objective reason, supportable by facts fairly known to them, that a particular bidder cannot perform responsibly because of some objective impediment, they may consider rejecting that bid, and the rejection would not be an abuse of discretion. Corbin, supra.

## S U M M A R Y

The County Building Authority, Certificate of Obligation, and County Purchasing Acts, chapters 293, 271, and 262 of the Local Government Code, require that a county award certain construction contracts by a process of competitive bidding. Solicitations for bids may not be limited by requiring that bidders promise to perform work using their own employees. The county may make an informed, non-arbitrary decision that a particular bid is not a responsible one.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General