Charles D. ARMENTROUT, Appellant,

v.

TEXAS DEPARTMENT OF WATER RESOURCES, et al., Appellees.

No. 13919.

Court of Appeals of Texas, Austin.

June 13, 1984.

Rehearing Denied Sept. 5, 1984.

Will R. Wilson, Jr., Small, Craig & Werkenthin, Austin, for appellant.

Jim Mattox, Atty. Gen., Jim Mathews, Nancy N. Lynch, Asst. Attys. Gen., Austin, for Texas Dept. of Water Resources.

Bernard D. Skip Newsom, Booth, Lloyd & Simmons, Austin, for City of Arlington, Tex.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

PHILLIPS, Chief Justice.

Charles D. Armentrout appeals from the trial court's grant of a summary judgment to appellees, the Texas Department of Water Resources and the City of Arlington, Texas, based upon appellant's application for declaratory relief from and judicial review of an administrative order.

We affirm.

On October 16, 1979 the Department of Water Resources issued an order approving the City of Arlington's reclamation project wherein the City proposed to construct levees and make channel modifications on Hurricane Creek and the west fork of the Trinity River for the purpose of protecting a 590-acre sanitary landfill. The Department order recites that the order was issued after a public hearing; that notice by publication was given the public; and that notice by first-class mail was given to all known property owners within the area to be affected. The City was ordered to commence and complete construction within a specified time frame.

On April 3, 1980 appellant filed a complaint with the Department complaining of the issuance of the October, 1979 administrative order. Appellant alleged that he owned land upon which a lake was located; that the lake was approximately one mile downstream from the City's project; that the lake was fed by Hurricane Creek; and that the City's project will take and divert water from the creek's ordinary flow. Appellant claimed that the City had, in violation of Department rules, failed to inform the Department of his lake's existence, and that such failure had caused the Department to issue its October, 1979 order without giving appellant the actual notice mandated by due process considerations and by the Department's rules. He requested that the Department cancel its approval of the project. On September 22, 1980, the Department dismissed appellant's complaint for lack of jurisdiction.

Thereafter appellant petitioned the trial court, seeking judicial review of the September, 1980 order of dismissal; seeking, pursuant to Tex.Rev.Civ.Stat.Ann. art. 2524–1 (1965 & Supp.1984) a declaration that the October, 1979 administrative order was void; seeking an injunction; and seeking damages. The trial court severed the action for damages and action for injunctive relief from the present cause. The trial court then granted the City and Department's motions for summary judgment as regards the requests for judicial review and declaratory relief.

In four points of error, presented by able counsel, the contention is made that the trial court erred in granting the motions for summary judgment. Appellant pleaded, and appellees in their motions for summary judgment did not dispute, that appellant was denied riparian rights as a result of the October, 1979 order.

I.

■ Appellant contends that the Commission erred in concluding that it lacked jurisdiction to reconsider its October, 1979 approval of the City's project. All parties agree that the October, 1979 order had

become administratively final prior to the filing of appellant's subsequent complaint. Administrative orders, like judgments, must be afforded some degree of finality.

The October, 1979 order, which vested certain rights in the City, is not void on its face. Appellant has not alleged that the City fraudulently misled the Department. We conclude that the Department correctly determined that they lacked authority to reconsider the October, 1979 order. *See Railroad Commission v. Texas v. McKnight*, 619 S.W.2d 255 (Tex.Civ.App. 1981, no writ).

## II.

Appellant contends that the trial court erred in failing to declare that the October, 1979 order was void, at least as to appellant, by virtue of the Department's failure to give appellant the notice to which he was entitled under the Department's rules and under due process considerations. In their motions for summary judgment, appellees do not contest that appellant was denied adequate notice of the October, 1979 hearing.

■ An Art. 2524–1 action for declaratory judgment is neither equitable nor legal but is *sui generis* (peculiar—the only one of its kind). *Texas Liquor Control Board v. Canyon Creek Land Corp.*, 456 S.W.2d 891 (Tex.1970). The availability of another remedy that might be entirely adequate does not necessarily deprive the court of jurisdiction to grant declaratory relief. *Id.* However, having recognized these principles, it must be stated that in many respects an action for declaratory judgment partakes of the properties of both legal actions and suits in equity; both legal and equitable principles can be applicable thereto. 1 Anderson, Actions for Declaratory Judgments §§ 214–16 (1951).

■ Here, at the time the action was filed in the trial court, the City's project had been essentially completed. Courts will not grant a futile or useless declaratory judgment. 1 Anderson, *supra* § 222.

■ Also, we conclude that the declaratory judgment sought is sufficiently akin to an equitable remedy such as to make the public's interest a valid consideration. The operators of public projects are occasionally permitted to avoid orders that others would not be permitted to avoid, because of the public interests involved. Dobbs, Law of Remedies § 2.5 at 65 (1973).

■ With these considerations in mind, and mindful of the fact that appellant had an adequate legal remedy (a suit for damages and/or inverse condemnation), we conclude that the trial court had the discretion in the instant case to deny declaratory relief. We are unable to ascertain that the trial court abused its discretion.

Appellant's points of error are overruled. The trial court's judgment is affirmed.