**PORT ISABEL/SOUTH PADRE ISLAND TAXPAYERS ASSOCIATION, a Non-Profit Corporation, and Mary Sue Arnspiger, an Individual, Appellants,**

v.

**SOUTH PADRE ISLAND, Texas, an Incorporated Municipality, et al., Appellees,**

No. 13–85–350–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 30, 1986.

Ted Campagnolo, Haywood & Campagnolo, Brownsville, for appellants.

Jim Denison, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, Paul Y. Cunningham, South Padre Island, for appellees.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from the dismissal of a suit for declaratory judgment for failure to present a justiciable controversy. Appellants are taxpayers of appellee, the municipality of South Padre Island. Other appellees are the Mayor, members of the Board of Aldermen, and the City Manager. As the issues are common to all appellees, they will be referred to collectively as the municipality or town.

Appellants filed a petition demanding a tax roll back election, pursuant to Tex.Tax Code Ann. § 26.07 (Vernon 1982), as a result of the municipality's decision to raise taxes in early 1984. The petition was re-

jected by the municipality because it was addressed to "South Padre Island, Texas," rather than to the "Town of South Padre Island, Texas," as appellees contend is the correct name of the municipality.

Appellant-taxpayers then brought suit against the municipality, its Mayor, Board of Aldermen, and City Manager, to compel them to place a tax roll back issue on the ballot for the election scheduled for April 7, 1984. In their action, appellants also sought a declaratory judgment from the trial court to the effect that the appellees' rejection of the appellants' petition was erroneous.

The trial court, after a hearing on the application for temporary injunction and writ of mandamus, denied that relief and set the declaratory judgment action for trial at a later date. This action of the trial court was appealed to this Court, and in *Port Isabel/South Padre Island Taxpayers Association v. South Padre Island, Texas,* 669 S.W.2d 177 (Tex.App.—Corpus Christi 1984, no writ), we held that the action for temporary injunction and writ of mandamus was moot, because the election was already in progress. As the trial court had not entered a final judgment on the declaratory relief, this Court did not address that issue.

Subsequently, on March 30, 1984, a new petition for a tax roll back election was filed with the municipality. The petition was accepted and a special tax roll back election was called on May 19, 1984. The election was held and the tax roll back was defeated by a vote of 199 to 156.

Later, the trial court dismissed the declaratory judgment action for failure to present a justiciable controversy. It is that action of the trial court from which appellants have brought this appeal.

By two points of error, appellants allege that the trial court erred in dismissing the case because: (1) there was a justiciable controversy, and (2) the merits of the case are capable of repetition yet can easily evade review.

In their last pleading on file when the trial court ruled, appellants requested the trial court make fifteen primary or alternative "declarations" concerning the actions of appellees and the construction of the statute. However, the gist of all fifteen requests was for the trial court to declare that the appellee acted illegally in refusing to accept the first petition for a tax roll back election.

The Declaratory Judgments Act [1] offers a remedy to persons uncertain of their rights, legal relations, or status where a justiciable controversy exists and declaratory relief will settle the controversy. *Lede v. Aycock*, 630 S.W.2d 669, 671 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). The issues may not be hypothetical or contingent, and the questions presented must resolve an actual controversy. *Empire Life Insurance Co. v. Moody*, 584 S.W.2d 855, 858 (Tex.1979).

In order to best determine if a controversy exists, we need to decide what the actual controversy is between these parties. Would the resolution of the issue sought by appellants have an effect on "a real and substantial controversy involving a genuine conflict of tangible interest"? *Bexar-Medina-Atascosa Counties Water Control and Improvement District No. 1 v. Medina Lake Protection Assoc.*, 640 S.W.2d 778 (Tex.App.-San Antonio 1982, writ ref'd n.r.e.).

When this suit was brought, appellants were asking the court to order the taxing unit to accept the rejected petition and to inform appellees that they had exceeded their authority in rejecting the petition. Because appellants' second petition was accepted and the tax roll back election was held, the justiciable controversy terminated.

Assuming, without deciding, that appellants' proposed declarations are correct, the granting of such declaratory relief at this time would result in nothing more than a reprimand to the taxing unit for its rejection of appellants' first petition. "Courts will not grant a futile or useless declaratory judgment." *Armentrout v. Texas Department of Water Resources*, 675 S.W.2d 243, 245 (Tex.App.—Austin 1984, no writ). Because there is no present, justiciable controversy, declaratory judgment cannot be granted. *Id. Scholl v. Firemen's and Policemen's Civil Service Commission*, 520 S.W.2d 470 (Tex.Civ. App.—Corpus Christi 1975, no writ). Appellants' first point of error is overruled.

Appellants further contend that even if there is no justiciable controversy, the declaratory relief should be granted because the issue is one "capable of repetition yet evading review." We disagree with this contention.

Assuming that appellees once again increase taxes by more than 8% above the rate as calculated, and assuming that the taxpayers' association files a § 26.07 petition, and assuming they name appellees "South Padre Island" instead of "Town of South Padre Island" despite their knowledge of appellees' insistence on the latter appellation, and assuming that appellees reject the petition and no election is held, the courts will be open to decide the controversy, and the issue will not evade review.

In the instant case, the decisions of the trial and appellate courts were rendered within the ninety-day time limit prescribed by § 26.07. Appellants' second point of error is overruled.

The judgment of the trial court, dismissing the cause for failure to present a justiciable controversy, is affirmed.

1. Uniform Declaratory Judgments Act, Acts 1943, 48th Leg., p. 265, ch. 164, *repealed by* Acts 1985, 69th Leg., p. 7218, ch. 959, § 9(1), (*now codified at* Tex.Civ.Prac. & Rems.Code §§ 37.001–.011 (Vernon 1986)).