In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00164-CV


______________________________




SECURTEC, INC., Appellant



V.



COUNTY OF GREGG, TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 2000-1444-B-355




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Securtec, Inc., appeals the trial court's order granting summary judgment in favor of
Gregg County on Securtec's claims seeking declaratory relief and damages as a result of Gregg
County's alleged violations of the bidding laws of the State of Texas. 

 Securtec contends the trial court erred in dismissing Securtec's requests for declaratory
judgment under the mootness doctrine and its claim for damages under the theory of laches. 

 The facts, for the limited purpose of this appeal, are undisputed. In early October 1999,
Securtec received a Request for Proposal (RFP) from the Gregg County Purchasing Department for
bids for certain jail renovations. Securtec and Correctional Maintenance, Inc. (CMI) were the only
parties to submit bids. The sealed bids were opened on October 27, 1999. Securtec had the lowest
bid. On January 6, 2000, the bidding parties received letters containing an addendum to the RFP and
confirming the time and place of meetings between the bidding parties and a reviewing committee,
one that had not been appointed by the Commissioners' Court, but the letters did not mention that
negotiations regarding the cost and scope of the bids would take place at such meeting. Both
Securtec and CMI representatives met with the committee; Securtec was not asked to negotiate on
the cost or scope of the bid at its meeting with the committee. On January 27, 2000, a proposal was
made to the Commissioners' Court to award the contract to CMI, based on a substantially revised
proposal resulting from negotiations with the committee submitted immediately before the meeting
the same day. On February 14, 2000, the Commissioners' Court voted to award the contract for jail
improvements to CMI.

 On February 21, 2000, Securtec notified the Gregg County assistant district attorney about
numerous deficiencies in the competitive proposal process used by Gregg County in considering the
proposals. 

 On May 30, 2000, Gregg County executed its contract with CMI. CMI began working on
the jail improvements pursuant to the contract between Gregg County and CMI around June 2000.

 Securtec filed suit on July 11, 2000. In its Second Amended Original Petition, filed
October 23, 2001, Securtec requested the trial court declare (1) that the contract between
Gregg County and CMI was void because Gregg County failed to comply with the competitive
bidding statutes, (2) that the contract violated provisions of the Texas Constitution, and (3) that
Securtec should have been awarded the contract for jail renovations. Securtec also sought to recover
compensatory damages, including lost profits for Gregg County's breach of its statutory duty to
award the contract to the party making the lowest evaluated offer. 

 CMI completed its contract with Gregg County in May 2001.

 Gregg County filed a Motion for Summary Judgment on October 10, 2001, contending it was
entitled to judgment as a matter of law. Gregg County argued that because the contract between
Gregg County and CMI had been fully performed, there was no justiciable controversy, and the trial
court could not issue a declaratory judgment. Gregg County's argument was based on the contention
that because an entity cannot sue for lost profits for not being awarded a government contract. 
Therefore, the court could not fashion any remedy, even assuming that the contract at issue between
Gregg County and CMI could have been voided. In other words, Securtec's claims were moot. 
Gregg County also argued, as it affirmatively pleaded in its answer, that Securtec's claims were
barred by laches because Securtec's remedy, if any, for not being awarded the contract was to seek
an injunction, and Securtec failed to obtain an injunction. 

 The trial court signed an Order Granting Summary Judgment on November 20 without
specifying the grounds on which the motion was granted.

 A trial court's grant of summary judgment is reviewed to determine if the summary judgment
movant demonstrated that there was no genuine issue of material fact and that the movant was
entitled to summary judgment as a matter of law. Fenley v. Mrs. Baird's Bakeries, Inc., 59 S.W.3d
314, 318-19 (Tex. App.-Texarkana 2001, pet. denied). Evidence favorable to the nonmovant is
taken as true, and every inference or doubt is resolved in favor of the nonmovant. Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Castellow v. Swiftex Mfr. Corp., 33 S.W.3d 890,
894 (Tex. App.-Austin 2000, no pet.). Summary judgment is proper for a defendant where the
defendant conclusively negated at least one essential element of the plaintiff's cause of action, or
conclusively established each element of an affirmative defense. Kiser v. Original, Inc., 32 S.W.3d
449, 451 (Tex. App.-Houston [14th Dist.] 2000, no pet.).

 For the purposes of this appeal, Gregg County does not dispute any of the factual allegations
made by Securtec, but argues that even if all the facts are true, Gregg County is entitled to judgment
as a matter of law. Because of the way Securtec framed its issues on appeal, both parties discuss
mootness in terms of Securtec's requests for declaratory judgment and laches in terms of Securtec's
claim for compensatory damages, as if those were the grounds on which the trial court granted
summary judgment on each claim. However, the trial court's Order Granting Summary Judgment
does not specify the grounds on which the judgment was based. Therefore, the summary judgment
will be upheld if it is proper on any grounds alleged in the Motion for Summary Judgment. See
Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Gregg County's
Motion for Summary Judgment applied both mootness and laches to Securtec's entire action and
provided other grounds as well. 

 Securtec contends the trial court erred in dismissing for mootness its request for declaratory
judgment when there were live controversies and, alternatively, if the controversies were moot, when
exceptions to the mootness doctrine applied.

 Securtec requested the trial court declare 

(1) that the contract between Gregg County and CMI is void because the County did not comply
with the bidding procedures set forth in the Texas Local Government Code in the following
respects: 

 (a) the alternative proposal process under Tex. Loc. Gov't Code Ann. § 262.030
(Vernon Supp. 2002) was not proper for the contract because it did not call for high
technology items defined by Tex. Loc. Gov't Code Ann. § 262.022 (Vernon 1999);

 (b) the RFP did not comply with requirements of Section 262.030 because it did not
specify the relative importance of price and other factors;

 (c) the award was not made to the responsible offeror who made the lowest evaluated offer, which in this case was Securtec;

 (d) the discussions between Gregg County and CMI did not comply with Section 262.030
because they were not conducted pursuant to rules for negotiation adopted by the
Commissioners' Court;

 (e) Securtec was not provided fair and equal treatment regarding opportunities for discussion and revision of proposals; and 

 (f) the RFP provision regarding a five-year warranty was so vague no impartial evaluation could be made to determine the lowest evaluated offer without an arbitrary
determination; 

(2) that the contract violates Tex. Const. art. XI, § 7 because the contract was not payable from
current revenues;

(3) that CMI should not have been allowed to change prices on its proposal;

(4) that Securtec submitted the lowest evaluated offer;

(5) that Securtec should have been awarded the contract;

(6) that the award of the contract to CMI following illegal negotiations, in violation of Section
262.030(d), violated due process of law under Tex. Const. art. I, § 19; and

(7) that the contract between Gregg County and CMI is void because CMI failed to timely provide a bid bond or surety proposal bond as required by the RFP. 

 A prerequisite to the declaratory judgment process is that there shall be a real controversy
between the parties determined by the judicial declarations sought. Bd. of Water Eng'rs of the State
v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722, 724 (1955); J.E.M. v. Fid. & Cas. Co. of New
York, 928 S.W.2d 668, 671 (Tex. App.-Houston [1st Dist.] 1996, no writ); Lone Starr Multi
Theatres, Inc. v. State, 922 S.W.2d 295, 297 (Tex. App.-Austin 1996, no writ). To constitute a
justiciable controversy for declaratory judgment purposes, there must be a real and substantial
controversy involving a genuine conflict of tangible interest, rather than a theoretical one. Scurlock
Permian Corp. v. Brazos County, 869 S.W.2d 478, 487 (Tex. App.-Houston [1st Dist.] 1993, writ
denied). If a declaratory judgment will terminate the uncertainty or controversy giving rise to the
lawsuit, the trial court is duty bound to declare the rights of the parties as to those matters on which
the parties join issue. Spawglass Constr. Corp. v. City of Houston, 974 S.W.2d 876, 878 (Tex.
App.-Houston [14th Dist.] 1998, pet. denied) (appellate court modified judgment denying
declaratory judgment to declare the rights of the parties). A mere difference of opinion, not
involving assertion of adverse interests, is not sufficient to support an action for declaratory
judgment. Reuter v. Cordes-Hendreks Coiffures, Inc., 422 S.W.2d 193, 196 (Tex. Civ.
App.-Houston [14th Dist.] 1967, no writ).

 A case becomes moot when: 1) it appears that one seeks to obtain a judgment on some
controversy, when in reality none exists; or 2) when one seeks a judgment on some matter which,
when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. 
Scholl v. Firemen's & Policemen's Civil Serv. Comm'n, 520 S.W.2d 470, 471 (Tex. Civ.
App.-Corpus Christi 1975, no writ) (actions requested in suit for declaratory and injunctive relief
were taken so no controversy remained to be resolved). 

 Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a) (Vernon 1997) provides that a court has the
power to declare rights, status, and other legal relations regardless of whether further relief is or
could be claimed. However, this does not appear to address the question of mootness, but rather the
unique character of some controversies which the Declaratory Judgment Act was meant to address,
such as determining the rights of parties under a contract before either party breaches the contract,
as provided for under Tex. Civ. Prac. & Rem. Code Ann. § 37.004(b) (Vernon 1997). 

 Declaratory judgment does not supplant any existing remedy; the existence of another
adequate remedy does not bar the right to maintain an action for declaratory judgment. Anderson
v. McRae, 495 S.W.2d 351, 356 (Tex. Civ. App.-Texarkana 1973, no writ). A justiciable
controversy is not lacking merely because of failure to pray specifically for other than declaratory
relief, and it is not necessary that traditional types of relief be prayed for. Bd. of Water Eng'rs of the
State, 283 S.W.2d at 724. However, declaratory relief ordinarily will not be granted where the cause
of action has fully matured and the action involves an appropriate present remedy at law. Sylvester
v. Watkins, 538 S.W.2d 827, 831 (Tex. Civ. App.-Amarillo 1976, writ ref'd n.r.e.).

 Several cases indicate that declaratory judgment is at least improper when additional claims
for relief are moot or where the plaintiffs lack standing to bring additional claims for relief. "When,
during the pendency of a bill for injunction and declaratory relief, the deed sought to be prevented
is accomplished and suitable coercive relief becomes impossible, it is improper to grant declaratory
relief." State ex rel. McKie v. Bullock, 491 S.W.2d 659, 660 (Tex. 1973) (request for injunctive
relief was moot when action sought to be enjoined had already occurred; request for declaratory
relief was improper because the only available coercive relief had not been requested and declaration
alone would not finally settle the controversy). 

 In Hulett v. W. Lamar Rural High Sch. Dist., 149 Tex. 289, 232 S.W.2d 669 (1950), the
plaintiffs asserted a claim for declaratory and injunctive relief regarding the validity of a contract and
the propriety of expended funds. The request for injunctive relief was moot when the government
contract had been fully performed, and the request for declaratory relief was rendered improper
because the taxpayer plaintiffs, having no standing to bring suit to recover illegally expended funds,
could no longer be afforded a remedy. Id. 

 In Armentrout v. Tex. Dep't of Water Res., 675 S.W.2d 243 (Tex. App.-Austin 1984, no
writ), a landowner alleged the city had violated his due process rights and requested declaratory and
injunctive relief, as well as damages. Because the act he requested to be enjoined had already been
essentially completed, the declaratory relief requested would have been futile. Id. Further, because
he retained an adequate legal remedy in his suit for damages for inverse condemnation, which the
court had severed from his suit for declaratory and injunctive relief, the court found the trial court
did not abuse its discretion in denying declaratory relief. Id. 

 In Speer v. Presbyterian Children's Home & Serv. Agency, 847 S.W.2d 227, 229 (Tex. 1993),
the appeal of the trial court's denial of the plaintiff's request for declaratory and injunctive relief
regarding claims of unlawful employment discrimination was moot when the position sought was
abolished and the plaintiff did not seek monetary damages as allowed by statute, stating that no
money was lost. 

 In Presidio Bridge Co. v. Tex. Dep't of Highways & Pub. Transp., 769 S.W.2d 720, 722 (Tex.
App.-Austin 1989, no writ), the court stated that any controversy regarding the bidding process,
including the appellant's due process claim, was moot because there was no subject matter on which
the court could act because the contract had already been performed and the bridge had been built
and was open. The appellant in that case was not a bidder whose proposal had been rejected, but
instead a third party who had attempted to block the award of a bid for the contract to build a new
bridge because the bridge would effectively close down the appellant's bridge. Id. 

 Although Securtec did not request injunctive relief, some of the requested declaratory relief,
if rendered before completion of the contract, may have had a practical legal effect on the
controversy, laying the groundwork for an injunction if the county did not halt work on the contract
to comply with the declaration. However, whatever practical effect the declarations would have had
regarding who was awarded and performed the contract evaporated on completion of the contract. 
An action becomes moot when one seeks a judgment on some matter which, when rendered for any
reason, cannot have any practical legal effect on a then-existing controversy. Scholl, 520 S.W.2d
at 471. 

 However, Securtec does request compensatory damages for the county's alleged violation of
the bidding statutes, which Securtec also contends violated its right of due process. If such remedy
is available to Securtec, then the subject matter of the requests for declaration are not moot because
rendition of such declarations would not be without practical effect on the controversy. Because
Securtec would then have a mature remedy at law for damages, the trial court may find it improper
to grant such declarations, but that does not render them moot. See Armentrout, 675 S.W.2d at 245. 
If a claim for damages is not available to Securtec, then the declarations sought would have no
practical effect on the controversy and would therefore be moot. To determine whether Securtec's
requests are moot, we must now consider whether such remedy is available to it.

 Two cases suggest that under Texas law, a disappointed bidder on a government construction
contract may have a right to challenge the bidding process. See DRT Mech. Corp. v. Collin County,
845 F. Supp. 1159, 1162 (E.D. Tex. 1994); Urban Elec. Servs., Inc. v. Brownwood Indep. Sch. Dist.,
852 S.W.2d 676 (Tex. App.-Eastland 1993, no writ). While the issue in both cases was laches, both
courts determined that the proper course to assert one's right to challenge the bidding process would
be to seek an injunction. DRT, 845 F. Supp. at 1162; Urban Elec. Servs., Inc., 852 S.W.2d at 678. 
In Urban Electrical, the court also stated that disappointed bidders could not recover lost profits. 
Urban Elec. Servs., Inc., 852 S.W.2d at 677. 

 In Urban Electrical, the plaintiff alleged entitlement to a construction contract as the lowest
bidder, alleged the defendant had violated certain bidding statutes, and sought monetary damages
in the form of lost profits. Id. at 677. After the contract had been awarded and completed, the
plaintiff brought suit under the theory the school district had breached an implied-in-law contract,
arguing that the provisions of Tex. Loc. Gov't Code Ann. §§ 271.021-.027 (Vernon 1999 & Supp.
2002), a bidding statute, created an implied contract with the lowest bidder. Id. The court
determined the plaintiff did not have a cause of action for breach of contract. Id. The court found
the bidding statute did not create an implied-in-law contract because the bid, not the request for
proposal, was an offer to contract. Although the statute provided the school district should award
the contract to the lowest responsible bidder, it also provided the school district could reject any and
all bids, provided that lower bidders were given notice and an opportunity to provide evidence of
their responsibility. See Tex. Loc. Gov't Code Ann. § 271.027 (Vernon 1999). The court went on
to explain that an injunction was the proper remedy for such a disappointed bidder because the
statute did not imply a contract and because the bidding statute provides that a contract in violation
of the statute is void. Urban Elec. Servs., Inc., 852 S.W.2d at 678 n.2. The court also stated that
allowing the disappointed bidder to recover lost profits would be "contrary to the public interest that
the bidding laws were designed to protect," because it would penalize the taxpayers twice. Id. at
678.

 Securtec does not assert a claim for breach of contract, but for breach of a statutory duty to
award the contract to the party making the lowest evaluated offer. Unlike Tex. Loc. Gov't Code
Ann. § 271.027, the competitive bidding procedure under Section 262.030 does not provide that the
county may reject any and all bids. In the general competitive bidding procedures set forth in
Chapter 262, subchapter C, there is a section entitled "Awarding of Contract," which provides "the
court shall: (1) award the contract to the responsible bidder who submits the lowest and best bid;
or (2) reject all bids and publish a new notice." Tex. Loc. Gov't Code Ann. § 262.027(a) (Vernon
Supp. 2002). Section 262.030 provides a procedure for competitive bidding for certain items as an
alternative to the bidding procedures set forth in the rest of the subchapter. Section 262.030
specifically addresses the awarding of contracts under the alternative process, stating "[t]he award
of the contract shall be made to the responsible offeror whose proposal is determined to be the lowest
evaluated offer resulting from negotiation, taking into consideration the relative importance of price
and other evaluation factors set forth in the request for proposals." See Tex. Loc. Gov't Code Ann.
§ 262.030(b). 

 The county therefore has a statutory duty to award the contract to the responsible bidder
whose proposal is determined to be the lowest evaluated offer resulting from negotiation. See Tex.
Loc. Gov't Code Ann. § 262.030. Likewise, the county has the statutory duty to specify in the
request for proposals the relative importance of price and other evaluative factors. Tex. Loc. Gov't
Code Ann. § 262.030(b). The county also has the statutory duty to accord offerors fair and equal
treatment with respect to any opportunity for discussion and revision of proposals. Tex. Loc. Gov't
Code Ann. § 262.030(e). Securtec, in its requests for declaratory relief, asks the trial court to
declare that Gregg County violated each of these statutory duties.

 A breach of a statutory duty normally gives rise to a private right of action on behalf of the
injured person (or group of persons) for whose benefit the statute was enacted. Lively v. Carpet
Servs., Inc., 904 S.W.2d 868, 871 (Tex. App.-Houston [1st Dist.] 1995, writ denied). 

 In Chapter 262, the Legislature provided a cause of action and criminal penalties for a
county's violation of subchapter C. The Legislature provided "[a]ny property tax paying citizen of
the county may enjoin performance under a contract made by a county in violation of this
subchapter." Tex. Loc. Gov't Code Ann. § 262.033 (Vernon 1999). The Legislature also provided
that certain violations of the subchapter by county officers or employees were to be misdemeanor
offenses and that an officer or employee convicted of such an offense would be immediately
removed from office and be ineligible for certain benefits for four years. Tex. Loc. Gov't Code
Ann. §§ 262.034, 262.035 (Vernon 1999). The Legislature did not explicitly state that the remedies
provided were to be the exclusive remedies for violations of Chapter 262, subchapter C. However,
such provisions do indicate that the bidding statutes, including the provision that the county shall
award the contract to the lowest responsible bidder, were enacted, not for the benefit of individual
bidders, but for the benefit of the public, to protect the taxpaying public from fraud or favoritism in
the expenditure of government money for public works. 

 Several jurisdictions follow the view that "an awarding authority's violation of [such laws]
in improperly rejecting a low bid does not constitute a breach of duty which is actionable in damages
by a disappointed bidder." See James L. Isham, Annotation, Public Contracts: Low Bidder's
Monetary Relief Against State or Local Agency for Nonaward of Contract, 65 A.L.R.4th 93, at 108
(1988). Several of the cases cited therein also express the view that permitting recovery of damages
by an aggrieved low bidder for such violations of statute would be contrary to the public interest the
statute was designed to protect. Id. Although this was not the question to be addressed in Urban
Electrical, the court's reasoning for not allowing disappointed bidders to recover lost profits applies
regardless of the differences between the statutes involved because they were enacted to benefit and
protect the public, not the pocketbook of the bidders. 

 However, determining that such violations of statute alone would not allow Securtec to bring
suit to recover damages does not end our inquiry, because Securtec raises the issue of whether its
right to due process was violated by Gregg County's violations of the bidding statutes. Assuming
Securtec proves its allegations, and assuming Securtec had a vested right to the award of the contract
as the lowest bidder and Securtec could not therefore be deprived of such right without due process
of law under Tex. Const. art. I, § 19, Securtec may still not have an action for damages based on
such violation of its constitutional rights. 

 Some jurisdictions have allowed public contracting authorities to be held liable in damages
for violating a disappointed bidder's constitutional right to due process. See Isham, supra at 108. 
However, the court in Univ. of Tex. Sys. v. Courtney, 946 S.W.2d 464, 469 (Tex. App.-Fort Worth
1997, writ denied), determined that the due process provision of the Texas Constitution did not
provide for a cause of action for damages, but for direct claims for equitable relief. The court in
Courtney relied on a Texas Supreme Court decision, City of Beaumont v. Bouillion, 896 S.W.2d 143,
148-49 (Tex. 1995), in which the court analyzed the speech and free assembly clauses and concluded
that nothing in the historical underpinnings or text of the Texas Constitution implied a cause of
action for damages for unconstitutional conduct. Id. In Haynes v. City of Beaumont, 35 S.W.3d 166,
182-83 (Tex. App.-Texarkana 2000, no pet.), this court found that an action seeking monetary
compensation for being prevented from conferring a benefit, rather than as compensation for services
rendered or to prevent unjust enrichment, was an action in law, not equity. 

 Because Securtec is not seeking monetary damages to recover for services rendered or to
prevent unjust enrichment, but because it was denied the opportunity to perform the contract by the
county's violation of Securtec's due process rights, Securtec is seeking legal, not equitable, relief. 
As such, Securtec has requested relief that is unavailable for the county's violation of Securtec's
constitutional rights. 

 In its Motion for Summary Judgment, Gregg County argued that Securtec's claim for
damages failed as a matter of law. The trial court properly granted summary judgment in Gregg
County's favor regarding Securtec's claim for damages on that ground.

 Securtec has not asserted any claims for which relief could be granted, and without such
relief being requested, the declarations would have no practical effect on this controversy. 
Therefore, the trial court properly granted summary judgment in Gregg County's favor regarding
Securtec's requests for declaratory judgment under the mootness doctrine. Securtec's first point of
error is overruled. 

 Because we find the trial court properly granted summary judgment in favor of Gregg County
on both Securtec's requests for declaratory relief and its claim for damages, we need not consider
Securtec's second point of error. 

 The trial court's judgment is affirmed. 



 Ben Z. Grant

 Justice


Date Submitted: August 6, 2002

Date Decided: August 20, 2002


Publish



-stops:center 3.25in'> 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                       Trial Court
No. FA-10-39888

 

                                                   
                                               

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Bonnie
Allen Pieroni, the sole appellant in this case, has filed a motion seeking to
dismiss her appeal.  Pursuant to Rule
42.1 of the Texas Rules of Appellate Procedure, her motion is granted.  Tex.
R. App. P. 42.1.

            We
dismiss the appeal.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          April 12, 2011

Date Decided:             April 13, 2011