**URBAN ELECTRICAL SERVICES, INC., Appellant,**

v.

**BROWNWOOD INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 11–92–073–CV.**

Court of Appeals of Texas, Eastland.

April 1, 1993.

John W. Petry, Petry & Petry, Carrizo Springs, for appellant.

Dana Smith, G. Lee Haney, Dist. Atty., Brown County Courthouse, Brownwood, for appellee.

ARNOT, Justice.

Urban Electrical Services, Inc. sued Brownwood Independent School District for breach of contract after the school district awarded the construction contract for the baseball field lighting system to a company whose bid was slightly higher than Urban's. Because Urban does not have a cause of action for breach of contract and because there is evidence to support the trial court's findings of laches, we affirm.

In its third point of error, Urban argues that it conclusively established that a contract existed between Urban and the school district and that the trial court erred in concluding that there was no contract. Urban argues that it submitted the lowest responsible bid and that, therefore, a "contract implied-in-law" was created under TEX.LOC.GOV'T CODE ANN. §§ 271.-021—271.027 (Vernon 1988 & Supp.1993), which required the school district to award the contract to Urban, the lowest responsible bidder.[1] We disagree.

The school district's advertisement for bids was not an offer, but merely a solicitation for bids. See *A & A Construction Company, Incorporated v. City*

---

1. Section 271.027 provides:

(a) The governmental entity is entitled to reject any and all bids.

(b) The contract must be awarded to the lowest responsible bidder, but the contract may not be awarded to a bidder who is not the lowest bidder unless before the award each lower bidder is given notice of the proposed award and is given an opportunity to appear before the governing body of the governmental entity or the designated representative of the governing body and present evidence concerning the bidder's responsibility.

*of Corpus Christi*, 527 S.W.2d 833 (Tex. Civ.App.—Corpus Christi 1975, no writ). The offer to enter into a contract occurred when Urban submitted its bid. Although Section 271.027(b) requires the school district to award the contract to the "lowest responsible bidder," Section 271.027(a) entitled the school district "to reject any and all bids." The school district conducted the requisite hearing and chose not to accept Urban's bid. No contract, express or implied, was created. See James L. Isham, Annotation, *Public Contracts: Low Bidder's Monetary Relief Against State or Local Agency for Nonaward of Contract*, 65 A.L.R.4th 93 at 121 (1988). Thus, Urban has no cause of action for breach of contract. It should have sought an injunction. See TEX.LOC.GOV'T CODE ANN. § 271.-028 (Vernon 1988).[2] Urban's third point of error is overruled.

In its ninth point of error, Urban argues that the trial court erred in finding that it was guilty of laches because there is no evidence to support such a finding and because the finding is contrary to the controlling law. We disagree. In order to prove laches, the school district must have shown: (1) an unreasonable delay by Urban in asserting its legal or equitable rights and (2) a good faith change of position by the school district to its detriment because of the delay. See *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76 (Tex.1989).

In its pleadings, the school district properly pleaded laches as an affirmative defense. The evidence presented at trial shows that Urban was notified on January 11, 1988, of the school district's intent to award the contract to the second lowest bidder. Urban's owner, Donald F. Urban, attended a hearing to show his responsibility as the lowest bidder.[3] On January 22, 1988, the contract was awarded to the second lowest bidder, whose bid was $36,795

($55 more than Urban's). On August 2, 1988, after the school district had let the bid and allowed construction to be completed, Urban filed its petition. However, Urban did not seek to enjoin the award of the contract to the next lowest bidder even though Section 271.028 provides that a contract awarded in violation of Section 271.-027 "is void." Allowing Urban to recover lost profits from the school district, as opposed to allowing them to enjoin the letting of the contract to the next lowest bidder, would be contrary to the public interest that the bidding laws were designed to protect. The taxpayers would be penalized twice: once for the overpayment to the company receiving the bid and once for Urban's lost profits. See Isham, 65 A.L.R.4th, supra at 104. We hold that there is some evidence to support the trial court's finding of laches. Appellant's ninth point of error is overruled.

Because our ruling on these points are dispositive of the case, we will not address appellant's other points of error. The judgment of the trial court is affirmed.

---

2. We note that the bidding statute no longer expressly provides that the performance of or the payment for a contract let in contravention of the statute "may be enjoined by any property taxpaying citizen." See *Associated General Contractors of Texas, Inc. v. City of Corpus Christi*, 694 S.W.2d 581, 582 (Tex.App.—Corpus Christi 1985, no writ). However, the proper cause of action remains an injunction because the statute

continues to declare that such a contract is "void" and because the statute does not imply a contract.

3. Urban did not actually enter the lowest bid; the lowest bidder's bid was disqualified because it did not contain a time of completion.