**DRT MECHANICAL CORPORATION and C.R. McCally, Plaintiffs,**

v.

**COLLIN COUNTY, TEXAS and Fluor Daniel, Inc. and Henningson, Durham & Richardson, Inc., Defendants.**

**No. 4:93cv15.**

United States District Court, E.D. Texas, Sherman Division.

Jan. 19, 1994.

Paul B. Underkofler, Dallas, TX, for plaintiffs.

Richard M. Abernathy, McKinney, TX, for defendant Collin County.

Hollye C. Fisk, Dallas, TX, for defendants Henningson, Durham & Richardson.

James R. Jordan, Dallas, TX, for defendant Fluor Daniel, Inc.

### OPINION AND ORDER

PAUL N. BROWN, District Judge.

This is an action by DRT Mechanical Corporation ("DRT") and C.R. McCally ("McCally") against Collin County, Texas ("the County"), seeking damages under 42 U.S.C. § 1983 for alleged violations of DRT's constitutional rights and under a state law theory of promissory estoppel. DRT claims that it had a property right as the low bidder in a construction contract and was deprived of that right when the contract was awarded to the second lowest bidder. McCally is asserting standing to bring this cause of action through his status as a taxpayer in Collin County and claims an economic interest in the interpretation of the bidding statutes as creating an enforceable right of DRT in the contract. Collin County has filed a motion for summary judgment on all of plaintiffs' claims.

### BACKGROUND

Collin County sought potential bidders for various parts of the construction of the Collin County Justice Center ("the Project"). DRT was the low bidder for the mechanical package portion of the Project, but the County rejected its bid.

Collin County submitted to prospective bidders an invitation to prequalify. The invitation to prequalify stated that only contractors who had acquired qualifications approval would be allowed to bid on the Project. Subsequent to the issuance of this invitation, a letter was sent to DRT by the manager of the Project revising the invitation to prequalify by deleting the statement that only prequalified contractors would be allowed to bid on the Project. A Project manual was prepared which contained instructions to bidders. The instructions to bidders stated that qualification statements had previously been solicited but that a bidder did not have to be prequalified in order to bid. The instructions to bidders also stated that all bidders must submit a qualification statement with their bid unless the bidder had previously done so and all the information contained in the statement previously furnished was still correct.

The contract for the mechanical package portion of the Project was awarded to the second low bidder on June 22, 1992, and on that same date DRT protested the award. On July 6, 1992, Collin County heard and considered DRT's protest and then affirmed the award of the contract to the second low bidder. DRT filed this lawsuit on January 19, 1993.

In its motion for summary judgment, Collin County argues that DRT and McCally have no property interest in the award of the construction contract, that their claims are barred by the doctrine of laches and that DRT's claim of promissory estoppel fails because no promise or offer was made by Collin County that would support this cause of action.

### SUMMARY JUDGMENT STANDARD

The granting of summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The trial court must re-

solve all reasonable doubts in favor of the party opposing the motion. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.,* 655 F.2d 598, 602 (5th Cir.1981). The party seeking summary judgment carries the burden of demonstrating that there is no actual dispute as to any material fact in the case. This burden, however, does not require the moving party to produce evidence showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party satisfies its burden by "pointing out to the district court ... that there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party has satisfied its burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). If the nonmovant fails to set forth specific facts in support of allegations essential to that party's claim and on which that party will bear the burden of proof, then summary judgment is appropriate. *Celotex,* 477 U.S. at 321–25, 106 S.Ct. at 2552–53. Even if the nonmovant brings forth evidence in support of its allegations, summary judgment will be appropriate "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

### DISCUSSION

*DRT's § 1983 Claim*

■ In order to establish a claim under 42 U.S.C. § 1983, DRT must show that it had a property interest which has been abridged under color of state law without adequate due process. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). To prove a property interest in a particular benefit, one must show a "legitimate claim of entitlement" to the interest. *Id.* at 577, 92 S.Ct. at 2709. "[A]n abstract need or desire for it" or a "unilateral expectation" is insufficient. *Id.* Whether such claim of entitlement exists, and the sufficiency thereof, is determined "by reference to state law." *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

DRT alleges in its Original and Amended Complaint that "Defendant Collin County's acts have deprived Plaintiff of property rights without due process of law guaranteed by the 14th Amendment to the Constitution of the United States by wrongfully failing to award the mechanical package for the Project to Plaintiff as the 'lowest responsible bidder'."

*Which Bidding Statute Governs*

■ Collin County argues Subchapter B of Chapter 271 of the Texas Local Government Code ("Subchapter B") applies to the awarding of the contract to the Project. Subchapter B is titled "Competitive Bidding on Certain Public Works Contracts", and this subchapter defines governmental entity to include counties as well as municipalities, common or independent school districts, hospital districts, and housing authorities. TEX.LOC. GOV'T CODE ANN. § 271.021 (Vernon Supp. 1994). Subchapter B of Chapter 271 provides "The governmental entity is entitled to reject any and all bids." TEX.LOC.GOV'T CODE ANN. § 271.027(a) (Vernon 1988). DRT argues that Chapter 262 of the Texas Local Government Code applies. Chapter 262 is titled "Purchasing and Contracting Authority of Counties." Subchapter C of Chapter 262 is titled "Competitive Bidding in General", and provides that the short title is the County Purchasing Act. TEX.LOC.GOV'T CODE ANN. § 262.021 (Vernon 1988). Subchapter C of Chapter 262 provides that a county may "reject all bids and publish a new notice." TEX.LOC.GOV'T CODE ANN. § 262.027(a)(2) (Vernon Supp.1994). The County Purchasing Act provides that before a county may make a purchase in excess of $15,000, the commissioners court must comply with the competitive bidding requirements prescribed by Subchapter C of Chapter 262. TEX.LOC. GOV'T CODE ANN. § 262.023 (Vernon Supp. 1994). The bidding requirements of Subchapter B of Chapter 271 apply where a governmental entity is required by statute to

award a contract for improvement or addition to real property in excess of $15,000. TEX.LOC.GOV'T CODE ANN. § 271.024 (Vernon Supp.1994). Both Sections 262.023 and 271.024 were amended in 1993 to increase the size of a purchase that triggers the competitive bidding process under each section to $15,000. TEX.LOC.GOV'T CODE ANN. §§ 262.023, 271.024 (Vernon Supp.1994).

An opinion of the Texas Attorney General in 1990 addressed the applicability of the County Purchasing Act and Subchapter B to the construction of a county vehicle maintenance building. Op.Tex.Att'y.Gen. No. JM–1220 (1990). This opinion stated that the County Purchasing Act contained the requirements for a county to award a contract for the construction of a county maintenance building and public works, and that Subchapter B did not apply. *Id.* The County Purchasing Act does not require another statute to trigger its bidding requirements whereas Subchapter B is only applicable where another statute provides that a governmental entity must award a contract on the basis of competitive bids. It applies to a broad range of governmental entities and is not intended specifically for counties. The County Purchasing Act is a statute, which by its language only applies to counties. The Court has concluded that the County Purchasing Act is the statute which controlled the bidding requirements for the Project.

*Does DRT Have a Property Right?*

■ DRT has cited numerous cases in other jurisdictions where courts have found the lowest responsible bidder on a government contract has a property interest which can give rise to a § 1983 cause of action. However, DRT offers no precedent in Texas or federal case law which supports the existence of such a property interest under Texas law.

DRT argues that under the County Purchasing Act the County was required to award the contract to DRT. DRT also claims that the prequalification process gave it enhanced rights and additional reasons to expect the award of the contract as the low bidder.

The County Purchasing Act provides that the County may award the contract to the lowest responsible bidder, or reject all bids and publish a new notice. TEX.LOC.GOV'T CODE ANN. § 262.027(a) (Vernon 1988).[1] Since the county had the right to reject all of the bids and rebid the Project, the bidding statute did not create for DRT a "legitimate claim of entitlement" to the award of the contract. Further, the county in its Invitation to Pre–Qualify package issued to interested bidders expressly reserved the right "to accept or reject any and/or all responses for any and/or all of the projects covered in this Invitation to Pre–Qualify ... as it shall deem to be in the best interest of Collin County." The County also reserved the "right to reject any or all Bids" in the Instructions to Bidders. By the mere making of a bid for the contract on the Project, DRT had no legal right to expect the receipt of the contract. A bid is simply an offer and is not binding until accepted by another. *A & A Const. Co. v. City of Corpus Christi*, 527 S.W.2d 833 (Tex.Civ.App.1975, *no writ*). The solicitation of bids by a governmental body does not constitute an offer that would form the basis for a contract. *Urban Elec. Serv., Inc. v. Brownwood Indep. School Dist.*, 852 S.W.2d 676 (Tex.App.—Eastland 1993, *no writ*). DRT had no property right to the awarding of the contract for the Project.

■ Although DRT has not pled a property right in the bidding process under the County Purchasing Act, the prosecution of that claim is barred by laches. Laches consists of an unreasonable delay by one having a legal or equitable right in asserting such right, and a good faith change of position by another to his detriment because of the delay. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex.1989). Under the provisions of the County Purchasing Act DRT may have had a right to require that the County reject all the bids and reopen the bidding process. The right to have the Project rebid may create a property right to the rebidding process. However, the proper

---

1. Section 262.027(a) was amended in 1993, to create an exception for the purchase of road construction material, however this amendment does not affect the section's application in this case.

course to assert this right would have been to seek an injunction, rather than to allow the County to proceed with the letting of the contract and construction to begin. The County Purchasing Act provides that "any property tax paying citizen of the county may enjoin performance under a contract made by a county in violation of this subchapter." TEX.LOC.GOV'T CODE ANN. § 262.033 (Vernon 1988). Although the statute does not state that this is the only remedy, there are important public policy concerns involved which require that a suit for injunction first be brought.

To allow a disappointed bidder to file suit for damages after construction has begun and is well underway is contrary to the public interest. Allowing the disappointed low bidder to recover damages from the County would penalize the taxpayers of the County, who the laws were designed to protect. *Urban*, 852 S.W.2d at 678. The taxpayers would be required to pay the disappointed low bidder for its lost profits, and then also pay the company receiving the bid the amount of overpayment. *Id.*

DRT argues its delay was based on its belief that it was required to present its claims to the County under Section 81.041 of the Texas Local Government Code. However, as previously mentioned the bidding statute expressly provides that an injunction may be sought to enjoin a contract awarded in violation of the County Purchasing Act and the statute does not require that a claim be brought under § 81.041 before seeking an injunction. Further, DRT protested the award to the second low bidder, was heard on this protest by the County and then the County affirmed the award of the contract to the second low bidder. This certainly was sufficient to serve notice that DRT sought the contract and believed that it had a right to the contract as the low bidder, and the County's affirmation of the award to the second low bidder would qualify as a rejection of DRT's claim to the contract. This occurred on July 6, 1992, and yet DRT did not file this suit until January 19, 1993. DRT may have had a property right to the rebidding process, but by allowing the County to proceed with construction and incur the

expenses of the construction process, the County's position was changed to its detriment. Thus, DRT and McCally are both guilty of laches with regard to any property right of DRT in the bidding process for failing to seek an injunction.

DRT's Promissory Estoppel Claim

The elements of a promissory estoppel claim are: (1) a promise, (2) foreseeability of reliance thereon by the promisor and (3) substantial reliance by the promisee to its detriment. *English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983). The County had the right to reject all of the bids on the Project and reopen the bidding. Further, the County reserved the right to reject any and all bids in the Invitation to Pre–Qualify and in the Instructions to Bidders. There was no promise upon which DRT could rely. The reservation of the right to reject any and all bids, together with the statutory right of the County to reject all bids, eliminates the possibility that Collin County could foresee reliance by DRT. DRT's cause of action based on promissory estoppel, therefore, fails.

### CONCLUSION

After considering all of the summary judgment evidence and the applicable law, the Court has concluded that Collin County's Motion For Summary Judgment should be granted and Collin County is entitled to judgment as a matter of law on the claims of both plaintiff DRT and plaintiff McCally.

IT IS SO ORDERED.