Leonard **PERRY** d/b/a H.W. Security Co., Plaintiff,

v.

**THE PORT OF HOUSTON AUTHORITY and Ted Walters, Defendants.**

No. CIV.A. H–99–1744.

United States District Court, S.D. Texas, Houston Division.

Oct. 27, 2000.

Katherine L. Butler and Margaret A. Harris, Butler & Harris, Houston, TX, for Plaintiff.

David H. Brown and, Rhonda H. Wills, Vinson & Elkins, L.L.P., Houston, TX, for Defendants.

## ORDER

HITTNER, District Judge.

Pending before the Court is Defendant Port of Houston Authority's Renewed Motion for Judgment as a Matter of Law and Conditional Motion for New Trial. Having considered the motion, submission, and application of law, as well as the parties' arguments at a hearing conducted before the Court on October 2, 2000, the Court determines that the motion for judgment as a matter of law should be granted.

## I. FACTUAL BACKGROUND

Plaintiff Leonard Perry d/b/a/ H.W. Security Co. ("Perry") sued Defendants Port of Houston Authority ("Port") and Ted Walters ("Walters"), asserting claims for breach of contract, promissory estoppel, and substantive and procedural due process pursuant to 42 U.S.C. § 1983. These claims arose from the rejection of Perry's bid for security services by the Port Commission.

In November 1998, the Port issued an Invitation to Bidders for a contract to provide unarmed, uniformed security services at the entry gates to the Port's marine terminals ("the Terminal Gates Contract"). In response to the Invitation to Bidders, Perry and other bidders submitted sealed bid proposals. At a meeting on November 28, 1998, the purchasing agent for the Port, Len Waska ("Waska"), opened the bids. Waska announced that Perry's bid was the lowest bid for the Terminal Gates Contract. Perry subsequently contacted Walters, Director of Protection Services for the Port, to verify the status of his contract. Walters indicated to Perry that his bid had some problems, but did not respond how (or whether) such problems might be rectified. At a public meeting on December 21, 1998, the Port Commission awarded the Terminal Gates Contract to another security company, Advance Security ("Advance"), although Advance's bid was higher than Perry's bid.

## II. PROCEDURAL HISTORY

Perry brought suit against the Defendants in this Court. The Court denied the Defendants' motion for summary judgment, determining that fact issues remained on the issues of breach of contract, promissory estoppel, and constitutional due process. Prior to the commencement of trial, Perry dismissed his claims for breach of contract and promissory estoppel, thus leaving the substantive and procedural due process claims for consideration by the jury. At the conclusion of

Perry's case, Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. The Court denied Defendants' motion, but later granted qualified immunity to Walters. The case thereafter went to the jury, which returned a unanimous verdict in favor of Perry against the Port. The jury answered its interrogatories as follows:

1. Do you find by a preponderance of the evidence that the plaintiff was deprived of substantive due process? *Yes.*

2. What amount of money, if any, do you find from a preponderance of the evidence would compensate the plaintiff for damages proximately caused by the deprivation of substantive due process? *Lost profits in the past: $125,610.50; Lost profits in the future: $22,819.00.*

3. Do you find by a preponderance of the evidence that the plaintiff was deprived of procedural due process? *Yes.*

4. What amount of money, if any, do you find from a preponderance of the evidence would compensate the plaintiff for damages proximately caused by the deprivation of procedural due process? *Lost profits in the past: $125,610.50; Lost profits in the future: $22,819.00.*

On September 26, 2000, the Port timely renewed its motion for judgment as a matter of law pursuant to Federal Rules of Civil Procedure 50(b) and 50(c).

## III. DISCUSSION

To prevail on a motion for judgment as a matter of law, the defendant must demonstrate that the plaintiff's claim is barred as a matter of law or that, viewing all of the evidence in the light most favorable to the verdict, the evidence points so strongly to the defendant's position that a reasonable jury could not decide the matter differently. FED. R. CIV. P. 50; *Baltazor v. Holmes,* 162 F.3d 368, 373 (5th Cir.1998). The Port argues that there are legal bars to the jury's verdict and that the evidence is legally insufficient to support the jury's verdict.

The Port first contends that it is entitled to judgment as a matter of law because Perry has no property interest as required by 42 U.S.C. § 1983. To prevail on a § 1983 claim for deprivation of substantive or procedural due process, a plaintiff must first demonstrate the existence of a property interest that is protected by the Due Process Clause of the Fourteenth Amendment. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth,* 408 U.S. 564, 576, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Property interests are not created by the Constitution, but are created and defined by rights under state law that support claims of entitlement to those benefits. *Roth,* 408 U.S. at 577, 92 S.Ct. 2701. A property interest is more than "an abstract need or desire," or a "unilateral expectation," but instead is a "legitimate claim of entitlement." *Id.* Property interests may stem from state statutes, local ordinances, existing rules, contractual provisions or mutually explicit understandings. *Id.; Perry v. Sindermann,* 408 U.S. 593, 602, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). "Mutually explicit understandings" generally include implied contracts and supplements to written agreements. *Jago v. Van Curen,* 454 U.S. 14, 17–18, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981).

In this case, the parties agree that the Terminal Gates Contract bid was governed by the competitive bidding process as set out in Subchapter N of the Texas Water Code ("Subchapter N"). However, the parties hotly dispute the existence of a protected property interest in that competitive bidding process. The Port asserts that, under Texas law (i.e., Subchapter N), a bidder possesses no legally cognizable property interest in the acceptance of his bid. In contrast, Perry argues that Subchapter N is not the exclusive basis for the existence of Perry's property interest. Rather, Perry believes that mutually explicit understandings, grounded in state law, create the basis for Perry's claim of entitlement in this case. These mutually

explicit understandings include statements by Port employees and statements on the Port's website concerning the Port's policy on acceptance of the lowest bid.

### A. Texas Water Code, Subchapter N

Subchapter N of the Texas Water Code provides the competitive bidding procedures that govern this dispute. Subchapter N sets forth the statutory requirements under which the Port must solicit competitive bids for goods and services. TEX. WATER CODE ANN. §§ 60.401–.414 (Vernon 1988 & Supp.2000); *Richmond Printing v. Port of Houston Auth.*, 996 S.W.2d 220, 223 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Under Subchapter N, the Port must give notice of a proposed purchase of goods or services to the public. TEX. WATER CODE ANN. § 60.404(b). The notice must state the specifications or the place where the specifications may be obtained. *Id.* § 60.404(c)(1). The written specification must be detailed and require that bids be sealed. *Id.* § 60.404(d). After the sealed bids are opened, bids are presented to the Port Commission in session. *Id.* §§ 60.407, 60.408(a).

Under Subchapter N, the Port Commission may award the contract to the responsible bidder submitting the lowest and best bid, or it may reject any or all bids. *Id.* § 60.408(b). The latter provision—recognizing that the Port Commission "may reject any or all bids"—has been interpreted by Texas courts to mean that a bidder does not possess a property interest in his bid. *E.g., Spawglass Constr. Corp. v. City of Houston*, 974 S.W.2d 876, 880 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (stating that "a rejected bidder has no property right in the award of the construction contract"); *Urban Elec. Servs., Inc. v. Brownwood Indep. Sch. Dist.*, 852 S.W.2d 676, 678 (Tex.App.—Eastland 1993, no writ) (recognizing that allowing a bidder to recover lost profits "would be contrary to the public interest that the bidding laws were designed to protect"); *Corbin v. Collin County*

*Comm'rs' Court*, 651 S.W.2d 55, 56–57 (Tex.App.—Dallas 1983, no writ) (holding that commissioners' court possessed discretion to award a contract to the third lowest bidder based on its right to reject "any and all bids"); *A & A Constr. Co. v. City of Corpus Christi*, 527 S.W.2d 833, 835 (Tex. Civ.App.—Corpus Christi 1975, no writ) (holding that the statutory provision allowing governmental entity to reject any and all bids gave the low bidder "no right, probable or vested, to the award of the contract"). Federal courts interpreting state law have arrived at similar conclusions. *E.g., DRT Mech. Corp. v. Collin County*, 845 F.Supp. 1159, 1162 (E.D.Tex. 1994) (rejecting a low bidder's § 1983 claim; because "the county had the right to reject all of the bids and rebid the Project, the bidding statute did not create for [plaintiff] a 'legitimate claim of entitlement' to the award of the contract"). Accordingly, in this case, Subchapter N—which explicitly provides that the Port Commission "may reject any or all bids"—does not provide Perry with a basis for a property interest sufficient to uphold his due process claims under 42 U.S.C. § 1983. *See DRT*, 845 F.Supp. at 1162; *Spawglass*, 974 S.W.2d at 880.

### B. Mutually Explicit Understandings

Perry argues that Subchapter N is not the sole basis for his property interest under § 1983. Perry contends that the above cases are distinguishable from his situation because, unlike the plaintiffs in the those cases, Perry did not solely rely upon the bidding statute to create his property interest. Rather, Perry argues that his property interests include "such rules or mutually explicit understandings that support his claim of entitlement to the benefit," as recognized by the United States Supreme Court in *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

Perry asserts that, in his case, several "mutually explicit understandings" form the basis of his property interest. These

include statements by Port employees and statements found on the Port's website to the effect that the Port Commission would award the contract to the lowest bidder and that Perry had made the winning bid.[1] The Port, citing *Perry* and *Batterton v. Texas General Land Office,* 783 F.2d 1220 (5th Cir.1986), contends that such "understandings" cannot constitute a property interest under § 1983 if the specific "understanding" or "rule" is not recognized by state law. *See Perry,* 408 U.S. at 602 n. 7, 92 S.Ct. 2694; *Batterton,* 783 F.2d at 1223–24. According to the Port, Perry's interpretation of the "understandings" allegedly made by the Port would be contrary to Texas law, and, thus, could not create a property interest under § 1983.

The Court agrees with the Port's conclusion. As discussed *supra,* Subchapter N requires that the competitive bidding processes must be followed for a contract to be validly awarded. *See* TEX. WATER CODE ANN. § 60.408(f)-(i). Perry's assertion that statements by the Port could entitle him to the Terminal Gates Contract would contravene the legislature's dictate that the Port Commission may "reject any or all bids" and that a contract not meeting statutory specifications would be void. *See id.* §§ 60.408(b), (i); *Richmond Printing,* 996 S.W.2d at 224; *see also Perry,* 408 U.S. at 602 n. 7, 92 S.Ct. 2694; *Batterton,* 783 F.2d at 1223–24. Accordingly, the Court determines that Perry possesses no property interest sufficient to support his claims for substantive and procedural due process violations under § 1983. Perry's claims under § 1983, therefore, fail as a

matter of law. *See Bishop,* 426 U.S. at 344, 96 S.Ct. 2074; *Roth,* 408 U.S. at 564, 92 S.Ct. 2701. Because the Court determines that Perry's claims fail as a matter of law, it need not address the Port's challenges to the sufficiency of the evidence.

A court must always be cautious when considering whether to set aside a jury's verdict. Perry's attorneys have diligently and articulately advocated how they believe their client's case is distinguishable from the body of case law denying a property interest in similar circumstances. Despite counsel's efforts, the law mandates the following conclusion. Accordingly, the Court hereby

ORDERS that Defendant Port of Houston Authority's Renewed Motion for Judgment as a Matter of Law is GRANTED. Plaintiff shall take nothing from Defendant. Each party shall bear its own costs. Defendant's Conditional Motion for New Trial is DENIED AS MOOT. All relief not expressly granted herein is DENIED.

### FINAL JUDGMENT

As the Court has granted Defendants' Renewed Motion for Judgment as Matter of Law and set aside the jury's verdict in the above-entitled case, the Court hereby

ORDERS that final judgment be entered in favor of Defendants. Plaintiff shall take nothing from Defendants. This is a FINAL JUDGMENT.

---

1. Specifically, Perry asserts that the following constitute "mutually explicit understandings" sufficient to create a property interest: (1) a statement by the Port's purchasing manager that Perry had the lowest winning bid when the bids were opened, (2) the purchasing manager's recommendation that Perry be awarded the contract, (3) statements by Port officials that the Port awards contracts to the lowest bidder, (4) statements by the Port that it is required by state law to award contracts based on the lowest bid, (5) the Port's promises that their bids will not be rejected for insufficient data (so long as the bidder meets certain requirements), (6) statements by the

Port's counsel that a low bid with insufficient data is disqualified only if the deficiencies (a) create an unfair competitive advantage or (b) allow the bidder to avoid the binding nature of the bid; (7) statements by the Port's counsel that Perry's bid did not give him an unfair competitive advantage nor allow him to avoid the binding nature of the contract; (8) Walters's Request for Commission Action letter that focused upon the low bidder; (9) Walters's failure to review all bids; and (10) the purchasing manager's admission that Perry should have received written notice allowing him to plead his case pursuant to section 60 .408(d) of the Texas Water Code.