In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00164-CV


______________________________




SECURTEC, INC., Appellant



V.



COUNTY OF GREGG, TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 2000-1444-B-355




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Securtec, Inc., appeals the trial court's order granting summary judgment in favor of
Gregg County on Securtec's claims seeking declaratory relief and damages as a result of Gregg
County's alleged violations of the bidding laws of the State of Texas. 

 Securtec contends the trial court erred in dismissing Securtec's requests for declaratory
judgment under the mootness doctrine and its claim for damages under the theory of laches. 

 The facts, for the limited purpose of this appeal, are undisputed. In early October 1999,
Securtec received a Request for Proposal ("RFP") from the Gregg County Purchasing Department
for bids for certain jail renovations. Securtec and Correctional Maintenance, Inc. ("CMI") were the
only parties to submit bids. The sealed bids were opened on October 27, 1999. Securtec had the
lowest bid. On January 6, 2000, the bidding parties received letters containing an addendum to the
RFP and confirming the time and place of meetings between the bidding parties and a reviewing
committee, one that had not been appointed by the Commissioners' Court, but the letters did not
mention that negotiations regarding the cost and scope of the bids would take place at such meeting. 
Both Securtec and CMI representatives met with the committee; Securtec was not asked to negotiate
on the cost or scope of the bid at its meeting with the committee. On January 27, 2000, a proposal
was made to the Commissioners' Court to award the contract to CMI, based on a substantially
revised proposal resulting from negotiations with the committee submitted immediately before the
meeting the same day. On February 14, 2000, the Commissioners' Court voted to award the contract
for jail improvements to CMI.

 On February 21, 2000, Securtec notified the Gregg County assistant district attorney about
numerous deficiencies in the competitive proposal process used by Gregg County in considering the
proposals. 

 On May 30, 2000, Gregg County executed its contract with CMI. CMI began working on
the jail improvements pursuant to the contract between Gregg County and CMI around June 2000.

 Securtec filed suit on July 11, 2000. In its Second Amended Original Petition, filed
October 23, 2001, Securtec requested the trial court declare (1) that the contract between
Gregg County and CMI was void because Gregg County failed to comply with the competitive
bidding statutes, (2) that the contract violated provisions of the Texas Constitution, and (3) that
Securtec should have been awarded the contract for jail renovations. Securtec also sought to recover
compensatory damages, including lost profits for Gregg County's breach of its statutory duty to
award the contract to the party making the lowest evaluated offer. 

 CMI completed its contract with Gregg County in May 2001.

 Gregg County filed a Motion for Summary Judgment on October 10, 2001, contending it was
entitled to judgment as a matter of law. Gregg County argued that because the contract between
Gregg County and CMI had been fully performed, there was no justiciable controversy, and the trial
court could not issue a declaratory judgment. Gregg County's argument was based on the contention
that because an entity cannot sue for lost profits for not being awarded a government contract. 
Therefore, the court could not fashion any remedy, even assuming that the contract at issue between
Gregg County and CMI could have been voided. In other words, Securtec's claims were moot. 
Gregg County also argued, as it affirmatively pleaded in its answer, that Securtec's claims were
barred by laches because Securtec's remedy, if any, for not being awarded the contract was to seek
an injunction, and Securtec failed to obtain an injunction. 

 The trial court signed an Order Granting Summary Judgment on November 20 without
specifying the grounds on which the motion was granted.

 A trial court's granting of a summary judgment is reviewed to determine if the summary
judgment movant demonstrated that there was no genuine issue of material fact and that the movant
was entitled to summary judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985). Evidence favorable to the nonmovant is taken as true, and every inference
or doubt is resolved in favor of the nonmovant. Id.; Castellow v. Swiftex Mfr. Corp., 33 S.W.3d 890,
894 (Tex. App.-Austin 2000, no pet.). Summary judgment is proper for a defendant where the
defendant conclusively negated at least one essential element of the plaintiff's cause of action, or
conclusively established each element of an affirmative defense. Kiser v. Original, Inc., 32 S.W.3d
449, 451 (Tex. App.-Houston [14th Dist.] 2000, no pet.).

 For the purposes of this appeal, Gregg County does not dispute any of the factual allegations
made by Securtec, but argues that even if all the facts are true, Gregg County is entitled to judgment
as a matter of law. Because of the way Securtec framed its issues on appeal, both parties discuss
mootness in terms of Securtec's requests for declaratory judgment and laches in terms of Securtec's
claim for compensatory damages, as if those were the grounds on which the trial court granted
summary judgment on each claim. However, the trial court's Order Granting Summary Judgment
does not specify the grounds on which the judgment was based. Therefore, the summary judgment
will be upheld if it is proper on any grounds alleged in the Motion for Summary Judgment. See
Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Gregg County's
Motion for Summary Judgment applied both mootness and laches to Securtec's entire action and
provided other grounds as well. 

 Securtec contends the trial court erred in dismissing for mootness its request for declaratory
judgment when there were live controversies and, alternatively, if the controversies were moot, when
exceptions to the mootness doctrine applied.

 Securtec requested the trial court declare 

(1) that the contract between Gregg County and CMI is void because the County did not comply
with the bidding procedures set forth in the Texas Local Government Code in the following
respects: 

 (a) the alternative proposal process under Tex. Loc. Gov't Code Ann. § 262.030
(Vernon Supp. 2003) was not proper for the contract because it did not call for high
technology items defined by Tex. Loc. Gov't Code Ann. § 262.022 (Vernon 1999);

 (b) the RFP did not comply with requirements of Section 262.030 because it did not
specify the relative importance of price and other factors;

 (c) the award was not made to the responsible offeror who made the lowest evaluated offer, which in this case was Securtec;

 (d) the discussions between Gregg County and CMI did not comply with Section 262.030
because they were not conducted pursuant to rules for negotiation adopted by the
Commissioners' Court;

 (e) Securtec was not provided fair and equal treatment regarding opportunities for discussion and revision of proposals; and 

 (f) the RFP provision regarding a five-year warranty was so vague no impartial evaluation could be made to determine the lowest evaluated offer without an arbitrary
determination; 

(2) that the contract violates Tex. Const. art. XI, § 7 because the contract was not payable from
current revenues;

(3) that CMI should not have been allowed to change prices on its proposal;

(4) that Securtec submitted the lowest evaluated offer;

(5) that Securtec should have been awarded the contract;

(6) that the award of the contract to CMI following illegal negotiations, in violation of Section
262.030(d), violated due process of law under Tex. Const. art. I, § 19; and

(7) that the contract between Gregg County and CMI is void because CMI failed to timely provide a bid bond or surety proposal bond as required by the RFP. 

 Securtec has asked this court to declare the contract between Gregg County and CMI void
and award the contract to Securtec. At this point in time we cannot effectuate such a remedy because
the contract between Gregg County and CMI has been fully performed and the jail renovations are
now complete. The offer to enter into a contract occurred when Securtec submitted its bid. Urban
Elec. Servs., Inc. v. Brownwood Indep. Sch. Dist., 852 S.W.2d 676, 677-78 (Tex. App.-Eastland
1993, no pet.). A bid creates an offer, not a contract; thus it is inappropriate for Securtec to be
awarded damages for breach of contract because no contract was formed between Securtec and
Gregg County. Id. Therefore, we shall address the remaining issue of declaratory judgment. 

 A prerequisite to the declaratory judgment process is that there shall be a real controversy
between the parties determined by the judicial declarations sought. Bd. of Water Eng'rs of the State
v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722, 724 (1955); J.E.M. v. Fid. & Cas. Co. of New
York, 928 S.W.2d 668, 671 (Tex. App.-Houston [1st Dist.] 1996, no writ); Lone Starr Multi
Theatres, Inc. v. State, 922 S.W.2d 295, 297 (Tex. App.-Austin 1996, no writ). To constitute a
justiciable controversy for declaratory judgment purposes, there must be a real and substantial
controversy involving a genuine conflict of tangible interest, rather than a theoretical one. Scurlock
Permian Corp. v. Brazos County, 869 S.W.2d 478, 487 (Tex. App.-Houston [1st Dist.] 1993, writ
denied). If a declaratory judgment will terminate the uncertainty or controversy giving rise to the
lawsuit, the trial court is duty bound to declare the rights of the parties as to those matters on which
the parties join issue. Spawglass Constr. Corp. v. City of Houston, 974 S.W.2d 876, 878 (Tex.
App.-Houston [14th Dist.] 1998, pet. denied) (appellate court modified judgment denying
declaratory judgment to declare the rights of the parties). However, a mere difference of opinion,
not involving assertion of adverse interests, is not sufficient to support an action for declaratory
judgment. Reuter v. Cordes-Hendreks Coiffures, Inc., 422 S.W.2d 193, 196 (Tex. Civ.
App.-Houston [14th Dist.] 1967, no writ).

 A case becomes moot when 1) it appears that one seeks to obtain a judgment on some
controversy, when in reality none exists; or 2) when one seeks a judgment on some matter which,
when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. 
Scholl v. Firemen's & Policemen's Civil Serv. Comm'n, 520 S.W.2d 470, 471 (Tex. Civ.
App.-Corpus Christi 1975, no writ) (actions requested in suit for declaratory and injunctive relief
were taken so no controversy remained to be resolved). 

 Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a) (Vernon 1997) provides that a court has the
power to declare rights, status, and other legal relations regardless of whether further relief is or
could be claimed. However, this does not appear to address the question of mootness, but rather the
unique character of some controversies which the Declaratory Judgment Act was meant to address,
such as determining the rights of parties under a contract before either party breaches the contract,
as provided for under Tex. Civ. Prac. & Rem. Code Ann. § 37.004(b) (Vernon 1997). 

 Declaratory judgment does not supplant any existing remedy; the existence of another
adequate remedy does not bar the right to maintain an action for declaratory judgment. Anderson
v. McRae, 495 S.W.2d 351, 356 (Tex. Civ. App.-Texarkana 1973, no writ). A justiciable
controversy is not lacking merely because of failure to pray specifically for other than declaratory
relief, and it is not necessary that traditional types of relief be prayed for. Bd. of Water Eng'rs of the
State, 283 S.W.2d at 724. However, declaratory relief ordinarily will not be granted where the cause
of action has fully matured and the action involves an appropriate present remedy at law. Sylvester
v. Watkins, 538 S.W.2d 827, 831 (Tex. Civ. App.-Amarillo 1976, writ ref'd n.r.e.).

 "A case becomes moot when it appears that one seeks to obtain relief upon some alleged
controversy when in reality none exists, or upon some matter which, when granted, cannot have any
practical legal effect upon a then existing controversy." Tex. Dep't of Pub. Safety v. LaFleur, 32
S.W.3d 911, 913 (Tex. App.-Texarkana 2000, no pet.). 

 The Gregg County jail renovations have been completed by CMI. Thus there is no current
existing justiciable controversy between Securtec and Gregg County. A justiciable controversy must
involve a dispute of something more than a hypothetical or abstract character. Id. Securtec was not
awarded the construction contract, and the renovations have already been done. Because no actual
controversy now exists between the parties, the issue is moot. Id.; Nat'l Collegiate Athletic Ass'n
v. Jones, 1 S.W.3d 83, 86 (Tex. 1999). 

 There are, however, exceptions in which an appellate court may review a case after it
becomes moot if the appeal challenges certain conduct that is of such short duration the appellant
cannot obtain review before the issue becomes moot. Blum v. Lanier, 997 S.W.2d 259, 264 (Tex.
1999). One of these exceptions to the mootness doctrine is referred to as "capable of repetition, yet
evading review." It additionally requires there be a reasonable expectation the same action will occur
again if the issue is not considered. The United States Supreme Court required two elements for this
exception: (1) the challenged action was in its duration too short to be fully litigated before its
cessation or expiration, and (2) there should be a reasonable expectation the same complaining party
would be subjected to the same action again. Spencer v. Kemna, 523 U.S. 1, 17-18 (1998). 
Moreover, following the Texas Supreme Court in Blum v. Lanier, this court held in LaFleur the
complained-of conduct that was "capable of repetition, yet evading review" could occur again with
respect to other individuals who had signed the petition but who were not parties to the suit. 
LaFleur, 32 S.W.3d at 914; see Blum, 997 S.W.2d at 264. 

 Another exception to the mootness doctrine has been addressed in Texas. This is called the
"public interest" exception. This exception allows appellate review of a question of considerable
public importance if that question is capable of repetition between either the same parties or other
members of the public, but for some reason evades appellate review. See Univ. Interscholastic
League v. Buchanan, 848 S.W.2d 298 (Tex. App.-Austin 1993, no writ); see also Nueces County
v. Whitley Trucks, Inc., 865 S.W.2d 124 (Tex. App.-Corpus Christi 1993), overruled on other
grounds, Fed. Deposit Ins. Corp. v. Nueces County, 886 S.W.2d 766 (Tex. 1994). 

 We believe the present case falls within both these exceptions. It is possible future parties
could find themselves in the same position as Gregg County and Securtec because the performance
of a similar construction contract may likely occur before adjudication of a similar suit. This case
is also a matter of public interest because Gregg County is a governmental body that is required to
follow the Texas Local Government Code when accepting bids for construction contracts. 
Therefore, despite the contract for the Gregg County jail having already been performed, we will
address whether summary judgment was appropriate.

 The sole remaining issue on appeal is whether Gregg County complied with the bidding
procedures set out in the Texas Local Government Code. Securtec seeks declaratory judgment,
compensatory damages, and attorney's fees with regard to this issue. First, we will address the
appropriate section controlling this particular bidding process. Tex. Loc. Gov't Code Ann.
§ 262.027 reads in relevant part:

 (a) The officer in charge of opening the bids shall present them to the
commissioners court in session. Except as provided by Subsection (e), the court
shall: 


 (1) award the contract to the responsible bidder who submits the lowest 
and best bid; or 

 (2) reject all bids and publish a new notice. 

 (b) If two responsible bidders submit the lowest and best bid, the
commissioners court shall decide between the two by drawing lots in a manner
prescribed by the county judge. 

 (c) A contract may not be awarded to a bidder who is not the lowest dollar
bidder meeting specifications unless, before the award, each lower bidder is given
notice of the proposed award and is given an opportunity to appear before the
commissioners court and present evidence concerning the lower bidder's
responsibility. 

 (d) In determining the lowest and best bid for a contract for the purchase of
earth-moving, material-handling, road maintenance, or construction equipment, the
commissioners court may consider the information submitted under Section
262.0255. 

 (e) In determining the lowest and best bid for a contract for the purchase of
road construction material, the commissioners court may consider the pickup and
delivery locations of the bidders and the cost to the county of delivering or hauling
the material to be purchased. The commissioners court may award contracts for the
purchase of road construction material to more than one bidder if each of the selected
bidders submits the lowest and best bid for a particular location or type of material. 

 (f) Notwithstanding any other requirement of this section, the commissioners
court may condition acceptance of a bid on compliance with a requirement for
attendance at a mandatory pre-bid conference under Section 262.0256. 


Tex. Loc. Gov't Code Ann. § 262.027 (Vernon Supp. 2003). This is the appropriate section for
most construction contracts. Gregg County's Motion for Summary Judgment states that it does not
matter which particular section applies; however, this is incorrect. It does matter with which section
Gregg County must comply for this particular bidding process. Section 262.030 refers only to
contracts concerning insurance, high technology items, or special services. Tex. Loc. Gov't Code
Ann. § 262.030. Jail renovations do not constitute insurance, and there is no evidence the jail
renovations were a special service. A "high technology item" is defined as a "service, equipment,
or good of a highly technical nature," including data processing equipment and software,
telecommunications, radio and microwave systems, and electronic distributed control systems. Tex.
Loc. Gov't Code Ann. § 262.022. The work request and description of work for the jail
renovations state the following:

 4.2.1 The work includes but is not limited to all labor, materials, equipment and
services necessary for furnishing and installing all detention equipment
control systems, hardware, devices, control wiring from the door control
system to the operators graphic panel, and the connection of all controlled or
monitored devices whether or not provided, and the connection of all
controlled or monitored devices whether or not provided in this work, at the
detention control systems, to provide a complete installation.


 4.2.2 The work includes but is not limited to all labor, materials, equipment and
services necessary for, and reasonably incidental to, furnishing and installing
all closed circuit television systems, and coaxial and control wiring indicated,
to provide a complete installation.


 4.2.3 The work includes but is not limited to all labor, materials, equipment and
services necessary for furnishing and installing all intercom systems, shielded
cable and control wiring to provide a complete installation.


 4.2.4 The work includes but is not limited to all labor, materials, equipment and
services necessary for, and reasonably incidental to, furnishing and installing
all Detention Hardware to provide a complete installation.


Thus, the jail renovation did fall into Section 262.030 because the renovations included
telecommunication and data processing equipment. Thus, Section 262.030 is controlling. Section
262.030 reads in relevant part:


 (b) Quotations must be solicited through a request for proposals. Public notice for
the request for proposals must be made in the same manner as provided in the
competitive bidding procedure. The request for proposals must specify the relative
importance of price and other evaluation factors. The award of the contract shall be
made to the responsible offeror whose proposal is determined to be the lowest
evaluated offer resulting from negotiation, taking into consideration the relative
importance of price and other evaluation factors set forth in the request for proposals.


 . . . .


 (d) A county having a population of 2,400,000 or more according to the most recent
federal census may use the competitive proposal purchasing method authorized by
this section for the purchase of insurance or high technology items. In addition, the
method may be used to purchase other items when the county official who makes
purchases for the county determines, with the consent of the commissioners court,
that it is in the best interest of the county to make a request for proposals.


 (e) As provided in the request for proposals and under rules adopted by the
commissioners court, discussions may be concluded with responsible offerors who
submit proposals determined to be reasonably susceptible of being selected for
award. Offerors must be accorded fair and equal treatment with respect to any
opportunity for discussion and revision of proposals, and revisions may be permitted
after submission and before award for the purpose of obtaining best and final offers.

Tex. Loc. Gov't Code Ann. § 262.030. Securtec argues Gregg County failed to state the relative
importance of price and other factors that were considered in awarding the contract. There were
deficiencies in Gregg County's list and explanation, or lack thereof, of evaluation factors. The statute
requires that all factors be revealed, along with the relative importance of each. Tex. Loc. Gov't
Code Ann. § 262.030(b). However, Gregg County failed to do this; the information for prospective
bidders stated "proposal award shall be based on, but not necessarily limited to, the following factors
. . . . " First, Gregg County admits that other factors may also be considered, which violates Section
262.030(b). And moreover, there is no explanation of the relative weight each factor was given. Of
the factors listed as evaluation criteria by Gregg County, four of the eleven involve pricing and costs. 
The bids submitted to Gregg County for this job were Securtec ($1,135,900) and CMI ($1,169,000). 
Without further explanation as to the relative weight each factor was to be given by Gregg County,
it appears Securtec should have been awarded the contract based on the original proposals. It was
the burden of Gregg County to explain the relative weight of each and every factor it would consider
when determining which company would be awarded the contract. Therefore, Securtec's point of
error surrounding Gregg County's violation of Section 262.030(b), failing to explain the evaluation
criteria, and failing to award the contract to the lowest offeror is sustained. 

 Securtec also asserted that it was not afforded fair and equal treatment regarding the
opportunity to discuss revision of the bidding proposals. There was a meeting on January 14, 2000,
that was evidently intended as a negotiation session. However, Securtec received no information
regarding negotiations which were to take place at that meeting. No negotiations regarding the scope
or the cost of Securtec's proposal were discussed at the meeting on January 14. On January 27, 2000,
the Gregg County Commissioners Court met in regular session to discuss an award of the contract
for the jail renovations. At the meeting, there was a proposal to award CMI the contract premised
on a revised proposal based on negotiations at the meeting on January 14. A spreadsheet was used
to illustrate CMI's new negotiated cost reductions, matched next to Securtec's original proposal. The
Commissioners Court did not vote to award the contract until February 14, 2000; CMI was awarded
the contract at that time. 

 Section 262.030(e) required that Gregg County to treat Securtec and CMI "fair and equal
treatment with respect to any opportunity for discussion or revision of proposals." Tex. Loc. Gov't
Code Ann. § 262.030(e). There is evidence in the record that CMI was given the unfair advantage
of revising its proposal to undercut Securtec's bid, and Securtec was not afforded a similar
opportunity. If Gregg County wanted to entertain revisions of proposals, it was required to
communicate this to all bidders, not just CMI. Therefore, a genuine issue of material fact exists
regarding whether Gregg County violated the statutory bidding requirements. Gregg County has not
presented summary judgment proof determining this as a matter of law; therefore, summary
judgment on this point was improper. This point of error is sustained.

 Along with their request for declaratory judgment that Gregg County violated the bidding
statutes, Securtec also requested compensatory damages, which Securtec also contends violated its
right of due process. We will now address the availability of compensatory damages to Securtec.

 Two cases suggest that under Texas law, a disappointed bidder on a government construction
contract may have a right to challenge the bidding process. See DRT Mech. Corp. v. Collin County,
845 F. Supp. 1159, 1162 (E.D. Tex. 1994); Urban Elec. Servs., Inc., 852 S.W.2d 676. While the
issue in both cases was laches, both courts determined that the proper course to assert one's right to
challenge the bidding process would be to seek an injunction. DRT, 845 F. Supp. at 1162; Urban
Elec. Servs., Inc., 852 S.W.2d at 678. In Urban Electrical, the court also stated that disappointed
bidders could not recover lost profits. Urban Elec. Servs., Inc., 852 S.W.2d at 677. 

 Securtec did not seek an injuction, but they did seek declaratory judgment, another form of
equitable relief, so that the court would declare the rights of the parties. So unlike the plaintiffs in
Urban Electrical and DRT Mechanical, Securtec did not file a suit seeking solely a remedy at law,
or lost profits. 

 In Urban Electrical, the plaintiff alleged entitlement to a construction contract as the lowest
bidder, alleged the defendant had violated certain bidding statutes, and sought monetary damages
in the form of lost profits. 852 S.W.2d at 677. After the contract had been awarded and completed,
the plaintiff brought suit under the theory the school district had breached an implied-in-law contract,
arguing that the provisions of Tex. Loc. Gov't Code Ann. §§ 271.021-.027 (Vernon 1999 & Supp.
2003), a bidding statute, created an implied contract with the lowest bidder. Id. The court
determined the plaintiff did not have a cause of action for breach of contract. Id. The court found
the bidding statute did not create an implied-in-law contract because the bid, not the request for
proposal, was an offer to contract. Although the statute provided the school district should award
the contract to the lowest responsible bidder, it also provided the school district could reject any and
all bids, provided that lower bidders were given notice and an opportunity to provide evidence of
their responsibility. See Tex. Loc. Gov't Code Ann. § 271.027. The court went on to explain that
an injunction was the proper remedy for such a disappointed bidder because the statute did not imply
a contract and because the bidding statute provides that a contract in violation of the statute is void. 
Urban Elec. Servs., Inc., 852 S.W.2d at 678 n.2. The court also stated that allowing the disappointed
bidder to recover lost profits would be "contrary to the public interest that the bidding laws were
designed to protect," because it would penalize the taxpayers twice. Id. at 678.

 Securtec does not assert a claim for breach of contract, but for breach of a statutory duty to
award the contract to the party making the lowest evaluated offer. Unlike Tex. Loc. Gov't Code
Ann. § 271.027, the competitive bidding procedure under Section 262.030 does not provide that the
county may reject any and all bids. In the general competitive bidding procedures set forth in
Chapter 262, subchapter C, there is a section entitled "Awarding of Contract," which provides "the
court shall: (1) award the contract to the responsible bidder who submits the lowest and best bid;
or (2) reject all bids and publish a new notice." Tex. Loc. Gov't Code Ann. § 262.027(a) (Vernon
Supp. 2003). In contrast, section 262.030 provides a procedure for competitive bidding for certain
items as an alternative to the bidding procedures set forth in the rest of the subchapter. Section
262.030 specifically addresses the awarding of contracts under the alternative process, stating "[t]he
award of the contract shall be made to the responsible offeror whose proposal is determined to be
the lowest evaluated offer resulting from negotiation, taking into consideration the relative
importance of price and other evaluation factors set forth in the request for proposals." See Tex.
Loc. Gov't Code Ann. § 262.030(b). 

 The county therefore has a statutory duty to award the contract to the responsible bidder
whose proposal is determined to be the lowest evaluated offer resulting from negotiation. See Tex.
Loc. Gov't Code Ann. § 262.030. Likewise, the county has the statutory duty to specify in the
request for proposals the relative importance of price and other evaluative factors. Tex. Loc. Gov't
Code Ann. § 262.030(b). The county also has the statutory duty to accord offerors fair and equal
treatment with respect to any opportunity for discussion and revision of proposals. Tex. Loc. Gov't
Code Ann. § 262.030(e). Under Section 262.030, Gregg County had a duty to award the contract
to the lowest evaluated offer. See Tex. Loc. Gov't Code Ann. § 262.030(b). Gregg County also
had the statutory duty to provide fair and equal treatment to all offerors, including Securtec, with
respect to an opportunity to discuss or revise the proposals. See Tex. Loc. Gov't Code Ann.
§ 262.030(e). 

 A breach of a statutory duty normally gives rise to a private right of action on behalf of the
injured person (or group of persons) for whose benefit the statute was enacted. Lively v. Carpet
Servs., Inc., 904 S.W.2d 868, 871 (Tex. App.-Houston [1st Dist.] 1995, writ denied). 

 In Chapter 262, the Legislature provided a cause of action and criminal penalties for a
county's violation of subchapter C. The Legislature provided "[a]ny property tax paying citizen of
the county may enjoin performance under a contract made by a county in violation of this
subchapter." Tex. Loc. Gov't Code Ann. § 262.033 (Vernon 1999). The Legislature also provided
that certain violations of the subchapter by county officers or employees were to be misdemeanor
offenses and that an officer or employee convicted of such an offense would be immediately
removed from office and be ineligible for certain benefits for four years. Tex. Loc. Gov't Code
Ann. §§ 262.034, 262.035 (Vernon 1999). The Legislature did not explicitly state that the remedies
provided were to be the exclusive remedies for violations of Chapter 262, subchapter C. However,
such provisions do indicate that the bidding statutes, including the provision that the county shall
award the contract to the lowest responsible bidder, were enacted, not for the benefit of individual
bidders, but for the benefit of the public, to protect the taxpaying public from fraud or favoritism in
the expenditure of government money for public works. 

 Several jurisdictions follow the view that "an awarding authority's violation of [such laws]
in improperly rejecting a low bid does not constitute a breach of duty which is actionable in damages
by a disappointed bidder." See James L. Isham, Annotation, Public Contracts: Low Bidder's
Monetary Relief Against State or Local Agency for Nonaward of Contract, 65 A.L.R.4th 93, at 108
(1988). Several of the cases cited therein also express the view that permitting recovery of damages
by an aggrieved low bidder for such violations of statute would be contrary to the public interest the
statute was designed to protect. Id. Although this was not the question to be addressed in Urban
Electrical, the court's reasoning for not allowing disappointed bidders to recover lost profits applies
regardless of the differences between the statutes involved because they were enacted to benefit and
protect the public, not the pocketbook of the bidders. 

 However, determining that such violations of statute alone would not allow Securtec to bring
suit to recover damages does not end our inquiry, because Securtec raises the issue of whether its
right to due process was violated by Gregg County's violations of the bidding statutes. Assuming
Securtec proves its allegations, and assuming Securtec had a vested right to the award of the contract
as the lowest bidder and Securtec could not therefore be deprived of such right without due process
of law under Tex. Const. art. I, § 19, Securtec may still not have an action for damages based on
such violation of its constitutional rights. 

 Some jurisdictions have allowed public contracting authorities to be held liable in damages
for violating a disappointed bidder's constitutional right to due process. See Isham, supra at 108. 
However, the court in Univ. of Tex. Sys. v. Courtney, 946 S.W.2d 464, 469 (Tex. App.-Fort Worth
1997, writ denied), determined that the due process provision of the Texas Constitution did not
provide for a cause of action for damages, but for direct claims for equitable relief. The court in
Courtney relied on a Texas Supreme Court decision, City of Beaumont v. Bouillion, 896 S.W.2d 143,
148-49 (Tex. 1995), in which the court analyzed the speech and free assembly clauses and concluded
that nothing in the historical underpinnings or text of the Texas Constitution implied a cause of
action for damages for unconstitutional conduct. Id. In Haynes v. City of Beaumont, 35 S.W.3d 166,
182-83 (Tex. App.-Texarkana 2000, no pet.), this court found that an action seeking monetary
compensation for being prevented from conferring a benefit, rather than as compensation for services
rendered or to prevent unjust enrichment, was an action in law, not equity. 

 Securtec is seeking a form of monetary damages, or a legal remedy because it was denied the
opportunity to perform the contract by the county's violation of Securtec's due process rights. The
constitutional relief sought by Securtec is therefore legal, not equitable, relief. As such, Securtec has
requested relief that is unavailable for the county's violation of Securtec's constitutional rights. 
Therefore Securtec's point of error regarding compensatory damages is overruled. 

 Finally, Securtec requested attorney's fees in accordance with Gregg County's violation of
the bidding statutes. While Chapter 262 does not provide for compensatory damages, the
Declaratory Judgments Act does provide that a "court may award costs and reasonable and necessary
attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon
1997). We have determined that material fact issues exist on whether Gregg County violated the
statutory bidding requirement. It was proper for Securtec to request a statement of relative rights
between itself and Gregg County. If Securtec prevails on the declaratory judgment on remand to the
trial court, an award of reasonable attorney's fees would be proper. Steel v. Wheeler, 993 S.W.2d
376, 381 (Tex. App.-Tyler 1999, pet. denied); Spiller v. Spiller, 901 S.W.2d 553, 560 (Tex.
App.-San Antonio 1995, writ denied). It is appropriate to award attorney's fees to the prevailing
party in a declaratory judgment action if the trial court believes such fees to be reasonable and
necessary and the award of such fees to be equitable and just. Tex. Civ. Prac. & Rem. Code Ann.
§ 37.009. However, the trial court is not required to award attorney's fees to the prevailing party in
a declaratory judgment action. Barshop v. Medina County Underground Water Conservation Dist.,
925 S.W.2d 618, 637-38 (Tex. 1996); State Farm Lloyds v. C.M.W., 53 S.W.3d 877, 894 (Tex.
App.-Dallas 2001, pet. denied). Additionally, a trial court may, in its discretion, award attorney's
fees to the nonprevailing party in a declaratory judgment action. Id. In light of our finding
concerning Securtec's point of error seeking declaratory judgment, if the trial court does find in favor
of Securtec on remand, we order the trial court to consider whether an assessment of Securtec's
attorney's fees is appropriate. See Tanglewood Homes Ass'n v. Henke, 728 S.W.2d 39, 45 (Tex.
App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.). 

 The portion of the trial court's judgment regarding Securtec's claim for damages with respect
to statutory and alleged constitutional violations is severed and affirmed. The remaining portion of
the summary judgment denying the declaratory judgment is reversed and remanded to the trial court
for a new trial.



 Ben Z. Grant

 Justice


Date Submitted: May 13, 2003

Date Decided: May 14, 2003


Publish